## YOUNG AND AL *v.* BLACK.

1813.

March 12th.

ERROR to the Circuit Court for the district of Columbia.

The suit was brought by Young, Deblois, and Lawrason, against Black to recover the proceeds of the sales of a cargo shipped by the Plaintiffs to the West Indies, on board the brig Active, of which the Defendant was master, and to whom the cargo was consigned.

The Plaintiffs, Young and Deblois, had each an interest of three eighths in the cargo, and the Plaintiff, Lawrason, the other two eighths. Upon the general issue a verdict and judgment were rendered for the Defendant.

At the trial the Plaintiffs took four bills of exception.

The 1st was to the admission in evidence of a record of a judgment between the same parties together with parol evidence that it was for the same cause of action.

The 2d and 3d bills of exceptions were to the admission of parol proof that the Defendant had an interest in Lawrason's two eighths of the cargo, after the Plaintiffs had shown their written instructions to the Defendant with his promise to obey them, his bill of lading of the cargo, and his account of sales of it.

The 4th bill of exceptions states the whole evidence offered as well by the Plaintiffs as by the Defendant, and that the Plaintiffs offered to demur to the whole

If three joint owners of a cargo employ the master of the ship to sell it for them, & he afterwards become interested in the share of one of the joint owners, he cannot, in an action brought against him by the three joint owners to recover the amount of sales, set off his share of that amount. Upon the issue of non assumpsit, the Defendant may give in evidence the record of a former judgment between the same parties on the same cause of action. It is a matter of discretion with a Court, whether it will compel a party to join in demurrer to evidence. A demurrer to evidence ought not to be allowed where the

YOUNG
v.
BLACK.

party demurring refuses to admit the facts which the other side attempts to prove; nor where he offers contradictory evidence, or attempts to establish inconsistent propositions.

Quere, whether the refusal of a Court to compel a party to join in a demurrer to evidence, can in any case be assigned for error?

evidence, but the Defendant refused to join in demurrer and the Court refused to compel him to join.

E. I. LEE, *for the Plaintiffs in error.*

1. The record mentioned in the first bill of exceptions was not admissible evidence, because it was for a different cause of action. The former action was for a breach of orders, and founded upon a disavowal of the conduct of the Defendant; but the present action affirms his conduct and seeks for payment of the balance due upon his account of sales.

2. The Court ought not to have permitted the Defendant to use parol evidence to contradict the written documents which proved the property of the cargo to be in the Plaintiffs.

3. The Court ought to have compelled the Defendant to join in the demurrer. 3 *Bl. Com.* 372, 373. 1 *Wash.* 150, 220. 2 *Call.* 555, 571. 3 *Tucker's Blackstone,* 372, note.

SWANN, *contra.*

The record and parol evidence were properly admitted, and the jury were to decide whether it was for the same cause of action as the present.

As to the demurrer: it does not appear that the whole evidence was stated. The Defendant was not bound by any rule of law to join in the demurrer, nor was the Court bound to compel him. It was a matter entirely within the discretion of the Court.

*March 16th....*STORY, *J.* delivered the opinion of the Court as follows:

The present action was brought by the Plaintiffs in error as joint owners of the brig Active and cargo to compel the Defendant who was master of the said brig to account for the proceeds of said cargo, which was sold during a voyage to the West Indies. Young owned three eighths, Deblois three eighths, and Lawrason two eighths of the cargo.

At the trial upon the general issue several exceptions were taken by the Plaintiffs, which have been argued, and we are now to pronounce our decision respecting their validity.

The Defendant offered in evidence a record of a former suit between the same parties, in which judgment was rendered for the Defendant, supported by parol proof that the former suit was for the same cause of action as the present suit. The Plaintiffs denied its admissibility under the general issue; and we are all of opinion that the objection cannot be supported.

It has been long since established that under *non assumpsit* the Defendant may give in evidence any thing which shows that no debt was due at the time when the action was commenced, whether it arise from an inherent defect in the original promise or a subsequent discharge and satisfaction. And the precise point now in controversy has been adjudged to be completely within the rule. If the former judgment had been for the Plaintiff, there would be no doubt that it would have extinguished the demand; and it is not less conclusive because it was for the Defendant. The controversy had passed in *rem judicatam*, and the identity of the causes of action being once established, the law would not suffer them again to be drawn into question.

The second exception was taken to the decision of the Court admitting evidence to show that the Defendant had a subinterest in that portion of the joint cargo which belonged to Lawrason—an interest which was not proved to have been known to or acknowledged by the other owners. And we are all of opinion that the Circuit Court erred in admitting that evidence. The other owners had nothing to do with any private contract between Lawrason and the Defendant. Any right of retainer which the latter might have against Lawrason could be enforced only in an action against Lawrason himself; but it offered no legal defence to the express contract proved to have been made with all the joint owners. It might have been contended with as much propriety that the Defendant was entitled in such an action to a set off of a separate debt due from either of the owners. Nor is there any equity in such a claim

YOUNG
*v.*
BLACK.

against the Plaintiffs. As joint owners they had a lien upon the proceeds for the general balance between them; and had a right to have them applied in the first instance in discharge of the joint debts. Whether, after a final settlement of the accounts of the voyage, any thing would have been due to Lawrason does not appear; and yet this evidence, admitted as it was, would have applied the general property to discharge his private contracts, although the joint account might have finally turned out against him. We hold it a sound rule of law, that a joint contract can never be defeated by the mere private contract of an individual of the concern, to whom the other parties have confided no authority for this purpose. Our opinion on this exception disposes also of the third, which is taken to parol evidence offered to show the acknowledgment of Lawrason of the subinterest of the Defendant.

The last exception is of a novel character. The Plaintiffs upon the whole eviden e offered to demur, and prayed the Court to compel the Defendant to join in the demurrer. The Court refused to do this, and in our opinion their refusal was perfectly correct.

A demurrer to evidence is an unusual proceeding, and is allowed or denied by the Court in the exercise of a sound discretion under all the circumstances of the case. The party demurring is bound to admit as true, not only all the facts proved by the evidence introduced by the other party, but also all the facts which that evidence legally may conduce to prove. It follows that it ought never to be admitted where the party demurr ng refuses to admit the facts which the other side attempts to prove; and it would be as little justifiable where he offers contradictory evidence, or attempts to establish inconsistent propositions. In the present case the Plaintiffs admit that they denied the whole defence of the Defendant, and offered evidence to contradict the evidence by which that defence was attempted to be supported. There would therefore have been the most manifest impropriety in acceding to the prayer of the Plaintiffs.

The Court give no opinion whether a refusal to compel a party to join in a demurrer to evidence can in any case be assigned for error.

On the whole, for the error of the Circuit Court in admitting the evidence disclosed under the second and third exceptions, the judgment must be reversed and the cause remanded with directions to award a *venire facias de novo.*

YOUNG
*v.*
BLACK.

LIVINGSTON, J.

I concur with this Court in reversing the judgment of the Circuit Court, and for the error assigned in the second exception. But I give no opinion on the refusal of that Court to compel the Defendant to join in the demurrer to evidence which was offered by the Plaintiffs, not because I have any doubt of the correctness of the decision which a majority of the judges have formed on that point, but because I entertain a very strong conviction, and think it my duty to express it, that such refusal can never be the subject of revision upon a writ of error—the contrary of which seems to be implied by the opinion just read. Such applications must ever be made to the discretion of the Court which tries the cause, and such Court will generally be in a situation to decide more correctly, having all the circumstances of the case before it, than an appellate tribunal; and if it should commit a mistake in the exercise of its mere discretion in refusing to compel a party to join in a demurrer to evidence, or in refusing to grant a new trial, or in refusing to continue a cause, or in any other matter resting solely in discretion, I have no hesitation in saying that less mischief and injury will arise from obliging parties now and then to submit to such inconveniencies, than to open a door to the endless litigation which will be produced by permitting appeals in all the variety of cases of this nature which must necessarily arise in the progress of every contested action, and which in Great Britain have never yet been assigned for error.

JOHNSON, J. said he did not wish it to be understood that a writ of error would lie to a decision within the discretion of the Court below.

STORY, J. said he did not mean to be understood, in delivering the opinion of the Court, as stating that the refusal to compel a party to join in demurrer to evi-

YOUNG
*v.*
BLACK.

dence was a ground for a writ of error.   He concurred in opinion with judge Livingston.

MARSHALL, *Ch. J.*   On that point the Court has not given any opinion.   The former opinions of this Court on the subject of discretion, &c. are to be considered as law; but they are not to be extended further.