Wilde J.
delivered the opinion of the Court. This is an action of the case in the nature of a conspiracy for a cheat practised on the plaintiffs, whereby they have been defrauded of their goods and have wholly lost the same. This is not a formed action of conspiracy, and therefore, although the plaintiffs allege that the defendants contrived and conspired together to commit the injury complained of, yet this averment is matter of aggravation only and need not be proved. The damage sustained by the plaintiffs is the ground of the action, and not the conspiracy. Skinner v. Gunton et al., 1 Wms’s Saund. 230, note 4.
It must be admitted therefore, that if the evidence offered by the plaintiffs proved only the conspiracy, it was improperly admitted, and the verdict must be set aside.
It was proved that the false declarations, and pretences were made by Herschell, one of the defendants, the other two defendants not being.present, but it was also proved, or the evidence tended to prove, that these false declarations and pre-tences were made by Herschell in pursuance of a previous combination and conspiracy to that effect, had between all the defendants. And the jury were instructed to find for Myers and Joseph, unless they were satisfied that these false declarations and pretences were made by Herschell in pursuance of such previous combination. Under these instructions the verdict of the jury establishes the fact, that Herschell’s declara *36 tions and acts were made and done by the procurement of the other two defendants.
This evidence the defendant’s counsel contend is not sufficient to sustain the action, and that the charge of the judge was incorrect. The case is likened- to that of perjury, in which it is admitted the words of one cannot be applied to another, so as to authorize the conviction of two or more culprits on a joint charge. But it is easy to distinguish between the cases. Perjury and subornation of perjury are distinct crimes, and must be distinctly charged, and the same rule applies to principals and accessaries. But the case at bar more resembles an action of trespass, as to which the law is well settled. If A command or request B to take the goods of C, and B do it, trespass lies as well against A as against B. For in trespass there can be no accessary. 6 Bac. Abr. 589, Tresp. G, 1.[1] So generally, if A does an act at the command or request of B, it is the act of B, and may be so alleged in pleading, according to the well established rule, that every act may and should be alleged according to the legal effect. 2 Stark. Evid. 54, 403; 3 Stark. Evid. 1565, 1581, 1582; Johnson v. Carter, 16 Mass. R. 443; Rex v. Stone, 6 T. R. 527; Brucker v. Fromont, ibid. 659.[2] According to this rule of law the acts and declarations of Herschell are the acts and declarations of the other defendants also, by whose procurement they were made and done. And the law was so declared in the case of Young et al. v. The King, in Error, 3 T. R. 98. It is true in that case all the defendants were present when the false declarations were made, but the case did not turn on that fact, nor was it material.
So in the case of Gardner v. Preston et al., 2 Day, 205, it was determined, that the combination between the defendants being established, the acts and declarations of one, in pursuance *37 of the combination, were to be considered as the acts and declarations of all. And this is a well settled rule of law in all cases of conspiracy,[3] and the rule is as applicable to this case as it is to an action of conspiracy.[4]
We are of opinion therefore, that the evidence offered by the plaintiffs was properly admitted, and that the instructions to the jury were correct.
But the defendants’ counsel object to the form of action, on the ground that it is not conclusive as to the merits. A judgment in favor of the defendants, it is said, cannot be pleaded in bar of an action of conspiracy. If this were true, it would be no .valid objection to the plaintiffs’ recovery. And if they recover, they cannot afterwards maintain an action for the conspiracy. No civil action lies for a mere conspiracy.[5] There is however no doubt that a judgment for the defendants in this action might be- pleaded in bar to any new action that could be framed for the plaintiffs. A judgment rendered on the merits is conclusive upon both parties.[1] But *38 if the plaintiff misconceives his action, or the declaration is defective, and he fails in his suit by reason of such defect or misconception, he may sustain a new action. 5 Bac. Abr. 440, Pleas and Plead. I, 13; Hitchin v. Campbell, 2 W. Bl. 779 ; S. C. 3 Wils. 240.[2] In this case all the material facts are alleged in the declaration, and the trial was on the merits. It was not necessary to allege a conspiracy, and a writ of conspiracy, properly so called, cannot be sustained in a case like this. That writ, at the common law, was confined to conspiracies to indict the party either of treason or felony. 1 Wms’s Saund. 230, note 4; F. N. B. 114; Savill v. Roberts, Carth. 417. But without relying on this technical objection, it is very clear that a judgment in this action on the merits is conclusive on the parties, and is a bar to any new action.
We pass over the objections to the filing of the new counts, since, for the reasons already given, the other counts are sufficient.

Judgment according to the verdict.

[3]

 Wilbraham v. Snow, 2 Saund. 47; Menham v. Edmonson, 1 Bos. & Pul. 369; Rafael v. Verelst, 2 W. Bl. 1055; Smith v. Shaw, 12 Johns, R. 257; Van Brunt v. Schenck, 13 Johns. R. 414.

 See Waland v. Elkins, 1 Stark. R. 272; Silver v. Kendrick, 2 N. Hamp. R. 160; Henry v. Henry, 1 Chipman, 265; Hastings v. Lovering, 2 Pick. (2d ed.) 214, and note; Pease v. Morgan, 7 Johns. R. 468; Phelps v. Riley, 3 Connect. R. 266.

 Roscoe’s Crim. Ev. 60 to 64, 325; 2 M'Nally’s Ev. 611; Rex v. Stone, cited in 2 Stark. Ev. (Metcalf’s edit.) 403; Rex v. Watson, 2 Stark. R. 140, 141; Ex parte Bollman and Swartwout, 4 Cranch, 75; Moore v. Tracy, 7 Wendell, 229; 1 Burr’s Trial, 21; 2 id. 401; Queen’s case, 2 Brod. & Bingh. 310; East’s P. C. 97; Commonwealth v. Crowninshield, 10 Pick. 497; American Fur Co. v. The United States, 2 Peters, 364; Snyder v. Laframboise, 1 Breese, 269; Commonwealth v. Eberle, 3 Serg. & Rawle, 9; Martin v. Commonwealth, 2 Leigh, 745; Gardiner v. Preston, 2 Day, 205; Collins v. Commonwealth, 3 Serg. & Rawle, 220; Hunt’s case, 3 Barn. & Ald. 513; Clayton v. Anthony, 6 Randolph, 285.

 Moore v. Tracy, 7 Wendell, 229; Addington v. Allen, 11 Wendell, 374; Adams v. Paige, 7 Pick. 542; Wilbur v. Strickland, 1 Rawle, 458; Reitenbach v. Reitenbach, 1 Rawle, 362.

 Morgan v. Bliss, 2 Mass. R. 112.

 See Standish v. Parker, 2 Pick. (2d ed.) 22, notes 1, 2, 3; Adams v. Pearson, 7 Pick. 341; Whitcomb v. Williams, 4 Pick. 228; New England Bank v. Lewis, 8 Pick. 113; Saxton v. Chamberlain, 6 Pick. 422; Briggs v. Richmond, 10 Pick. 391; Minor v. Walter, 17 Mass. R. 237; Hodges v. Hodges, 9 Mass. R. 320; Rowe v. Smith, 16 Mass. R. 306; Loring v. Mansfield, 17 Mass. R. 394; Thatcher v. Gammon, 12 Mass. R. 268; Thorpe v. Cooper, 5 Bingh. 129; Ravee v. Farmer, 4 T. R. 146; Bagot v. Williams, 3 Barn. & Cressw. 235; Le Guen v. Gouverneur, 1 Johns. Cas. 436; White v. Ward, 9 Johns. R. 232; Grant v. Button, 14 Johns. R. 377; Canfield v. Monger, 12 Johns. R. 347; Wheeler v. Van Houten, 12 Johns. R. 311; Homer v. Fish, 1 Pick. 435; Offutt v. Offutt, 2 Harr. & Gill, 178; Young v. Black, 7 Cranch, 565; Vooght v. Winch, 2 Barn. & Ald. 662.

 Morgan v. Bliss, 2 Mass. R. 112; Bridge v. Sumner, 1 Pick. 371; Knox v. Waldoborough, 5 Greenl. 185; Hull v. Blake, 13 Mass. R. 153; Standish v. Parker, 2 Pick. (2d ed.) 22, and notes; Parker v. Standish, post, 288; Spooner v. Davis, 7 Pick. 147.

 The principle that fraud accompanied with damage is a good cause of action, is now well settled, both in the English and American jurisprudence. Bailey v. Merrell, 3 Bulstr. 95; S. C. Cro. Jac. 386; Com. Dig. Action on the Case for a Deceipt, A, 1: Pasley v. Freeman, 3 T. R. 56; Ward v. Center, 3 Johns. R. 271; Upton v. Vail, 6 Johns. R. 181; Young v. Covell, 8 Johns. R. 23; Russell v. Clark, 7 Cranch, 92; Gallager v. Brunel, 6 Cowen, 346; Allen v. Addington, 7 Wendell, 9; Moore v. Tracy, 7 Wendell, 229; Addington v. Allen, 11 Wendell, 374 ; Adams v. Paige, 7 Pick. 542; Pierce v. Jackson, 6 Mass. R. 242; Whittier v. Smith, 11 Mass. R. 211. Aliter, where no actual damage has been occasioned. Morgan v. Bliss, 2 Mass. R. 112. But where there has been damage, it is not necessary to prove any moral fraud on the part of the defendants. Adams v. Paige, supra; Bird v. Randall, 3 Burr. 1353; 3 Bl. Com. 122; Foster v. Charles, 7 Bingh. 105; S. C. 6 Bingh. 390; Tapp v. Lee, 3 Bos. & Pul. 371.