### ROBERT DINGEE v. THOMAS LETSON.

In assumpsit, the defendant may under the general issue, give in evidence, a partial as well as full payment of the plaintiff's claim. If the defendant relies upon payment, by way of set-off, and seeks a verdict against the plaintiff, he must plead payment with notice. *Rev. Laws*, 307.

Thomas Letson brought an action of assumpsit, in the Court of Common Pleas, of the county of Middlesex, against Robert Dingee, upon two promissory notes. The plaintiff having proved the execution of the notes, rested.

The defendant by his counsel, in support of the issue on his part, opened to the jury, that he would prove that at the time mentioned in said declaration, to wit—in the year 1822 or 1823, the plaintiff and the defendant were mutual dealers in the leather trade, that the defendant frequently paid the plaintiff, large sums of money at different times, and took no receipt for the same—that the defendant resided in New York, and transacted business there with the plaintiff, and had frequently been in New Jersey—that the first note mentioned in the declaration had been offered for discount at the State Bank at New Brunswick, by the plaintiff, in the year 1822 ; that it was discounted for the plaintiff, and the consideration of said note, deducting the discount, was paid to the plaintiff; that at the time said note became due, the plaintiff offered for discount at the said State Bank at New Brunswick, the second note mentioned in said declaration, that said note was given by defendant to the plaintiff, and was offered by plaintiff, for the purpose of taking up and discharging the said note as aforesaid; that the said second note was discounted for the plaintiff, and the first note was then and there taken up by the second note ; that afterwards, to wit—at the time the said second note came to maturity, the defendant gave a third note to the plaintiff, to take up and discharge the said second note—that said note was signed by the defendant for the consideration of four hundred dollars— and that it was discounted at the said State Bank at New Brunswick, for the said plaintiff ; and said second note was there and then taken up and discharged and paid off by said plaintiff; and the defendant by his counsel stated, that he should offer in

evidence, the books of the State Bank at New Brunswick, to prove the payment of said notes. To which said opening, and the matters therein set forth by the defendant's counsel to be proved, the plaintiff by his counsel objected; which objection was sustained by the court.

To which opinion of the court, the defendant by his counsel excepted, and prayed a bill of exceptions, which was granted and sealed.

*W. Disborough,* for plaintiff in error.

*L. D. Hardenbergh,* for defendant.

HORNBLOWER, C. J.   This was an action brought by Letson, to recover of Dingee, the defendant below, the amount due on two promissory notes, given by him to Letson, and in the declaration particularly described and set forth. The cause was tried on the general issue, and a verdict rendered for the plaintiff below.

It appears by the bill of exceptions, that among other things, the defendant offered to prove, that the first note mentioned in the declaration, when it came to maturity, belonging to the State Bank in New Brunswick, and was paid off and satisfied by the proceeds of the second note declared on, and which was given by the defendant to the plaintiff, for the express purpose of being discounted at the Bank, to meet the first payment of the first note; and that the said second note when it came to maturity, had been in like manner paid off and satisfied by the proceeds of a third note, mentioned in the declaration; but which had been given by the defendant to the plaintiff, for the express purpose of being discounted at Bank, to pay the second note, and had been so discounted and applied. The bill of exceptions, then proceeds as follows :—" The defendant by his counsel, then stated, that he should give in evidence, the books of the said Bank, to prove the payment of the said notes ; to which said opening, and the matters therein set forth by the defendant's counsel, to be proved, the plaintiff by his counsel objected ; which objection was sustained by the court,"—and thereupon the bill of exceptions in this cause, was prayed and sealed.

Dingee *v.* Letson.

This extended, and somewhat multifarious opening on the part of the defendant; and the sweeping objection made by the plaintiff to the whole of the matters thus opened, renders it somewhat difficult to ascertain precisely, what the point of objection was; or what was intended to be decided by the court. If the objection was to the defendant's right, under the general issue, to prove payment of the notes in question; that is one thing. If it was to the *mode of proof*, namely—by the books of the Bank, it is another thing. But, as the whole matter has been grouped together by the counsel, and involved in one general fate by the court, we must enquire, whether *all* and every part of the opening, was properly overruled; for if the *whole matter* ought not to have been excluded—then the court have erred in doing so. It appears to me, that the opening on the part of the defendant, as stated in the bill of exceptions, embraced two propositions:—1st. To prove payment of the notes declared on—and 2dly, to make that proof, by giving in evidence the books of the Bank. Now, whatever objection there may be to the *mode* of proof, there certainly can be none to the matter offered to be proved; that is, to the payment of the notes declared on.

The counsel for the defendant in error, has stated to us, the amount of the three several notes, and shows that the second was for two hundred dollars less than the first, and the third for two hundred dollars less than the second; that therefore, the proceeds of the second note could only have made a partial payment of the first; and the proceeds of the third a partial payment of the second; leaving after all a balance of four hundred dollars, still due the plaintiff. But this was not what the defendant offered to prove, if the bill of exceptions contains a correct history of the proceedings below; and if it does not, we cannot alter it; sitting here, we must take it as the Judges below have sealed, and sent it to us. The defendant's offer was, to prove specifically, that each of the notes declared on, had been paid off and satisfied, as they respectively became due. To the defendant's making *such proof*, the plaintiff objected; and the court sustained the objection. In this they erred, and of course the judgment must be reversed.

Dingee *v.* Letson.

But I apprehend, the counsel for the defendant in error, is mistaken, in supposing that a partial *payment*, may not be proved under the general issue; the authorities cited by him, 1 *Chit. pl.* 471; 2 *Id.* 513, 514; 1 *Johns. R.* 125; 13 *Id.* 57; 15 *Id.* 230; 7 *Cranch*, 567, only establish the doctrine, that whatever shows that the plaintiff *never* had cause of action, may be proved under the general issue; and therefore *payment* may be so proved. The difference is, between giving in evidence, under the general issue in assumpsit, *a specific payment* in part; and going into a statement of mutual accounts, by way of set-off to the plaintiff's demand. Evidence of the former, shows within the principles of the cases cited, that so far as *specific*, though partial payments, have been made, the plaintiff had no cause of action when he commenced his suit. But matter of set-off, only goes to reduce the amount to be recovered by the plaintiff, while it affirms his right of action for the whole amount of the note or promise declared on. If therefore the defendant has made no *specific payment*, but is desirous of liquidating any part of the plaintiff's demand by way of set-off, he must plead payment, and give notice of set-off pursuant to the statute to enable mutual dealers to discount. *Rev. Laws*, 307. The act to facilitate pleadings, *Rev. Laws*, 404, has no application to this case. It only authorizes a defendant to give notice under the general issue, of any matter of defence, which if pleaded specially, would constitute an entire and complete bar to the action.

My opinion is, that the judgment must be reversed.

FORD, J. This is a writ of error to the Common Pleas of the county of Middlesex. Thomas Letson brought an action of assumpsit on two promissory notes made to him by Robert Dingee, one for eight hundred dollars, bearing date October 31, 1822; the other for six hundred dollars, bearing date December 31, 1822. The defendant plead the general issue, and relied on proof of *payment*. He offered the books of the State Bank at New Brunswick, in evidence, in order to show that Letson endorsed the first note of eight hundred dollars to the Bank, and received the money for it, before the second note was made. That when it became due at the Bank, Dingee made him the

Dingee *v.* Letson.

second note of six hundred dollars, for the purpose of paying off and taking up the first note ; that Letson offered it to the Bank for that purpose ; that it was marked in their books as being offered for that purpose ; that it was discounted and retained by the Bank for that purpose ; and the note of eight hundred dollars was thus paid and delivered up satisfied to Letson. That when the second note of six hundred dollars became due at the Bank, that Dingee for the purpose of paying *it* off, made to Letson a third note of four hundred dollars; that Letson endorsed this third note to the Bank, for the purpose of satisfying the second one ; that it was marked in the books for that purpose, discounted and accepted, and thereupon the second note of six hundred dollars was delivered up to Letson, paid and satisfied as well as the first, and so, that both notes have been paid.

To this evidence the plaintiff Letson, objected. It was evident that a note of six hundred dollars could not pay off the one of eight hundred dollars, and it was equally clear that a note of four hundred dollars could not pay off one of six hundred dollars. It was at the uttermost only *part* payment. And although the defendant might give *full* payment in evidence, lawfully under the general issue, because it barred the whole action the same as infancy, usury, a release, and other instances mentioned in the books ; the law was different as to *part* payment, for that it did not bar the whole action, but left part of the demand behind unsatisfied, and therefore the defendant could not make this defence of part payment, under the general issue ; that he ought either to have *plead* payment, or else to have given *notice* of it with his plea according to the statute, *Rev. Laws,* 403, *sec.* 2, and the court being of this opinion, rejected the evidence. In doing so, I think they erred.

It is a great rule peculiar to actions on the *case*, that payment may be given in evidence under the general issue, without either plea or notice. This exemption from special pleading, is a liberality belonging to the nature of the action, and is not restricted to either party, but belongs just as much to the plaintiff as to the defendant. It was recognized long ago, and very fully in the case of *Bird* v. *Randall*, 3 *Burr.* 1353, where

the court say—" that an action on the case is founded on the mere *justice* and *conscience* of the plaintiff's case, and that it is in the nature of a bill in equity; " he may declare *generally*, and make out his case at the trial. And as to the opposite party, the court say, in *Moses* v. *McFarlin*, 2 *Burr*. 1010—" that the defendant may go into every *equitable* defence, upon the *general issue;* he may defend himself by every thing which shows that the plaintiff *ex equo et bono*, is not entitled to the *whole* of his demand, *or any part* of it." Now neither justice nor conscience will allow the plaintiff to recover both of these notes to the amount of fourteen hundred dollars, if all that is due to him (allowing him to have paid two. hundred dollars on the curtailment of each note) be only four hundred dollars and the interest thereon. For the remaining four hundred dollars, he had the defendant's negotiable note, which has been assigned away, or else paid, as may be presumed from its not being sued for in the present action. If the two last notes were mere auxiliaries to the *first*, the plaintiff's demand cannot conscientiously exceed four hundred dollars and interest thereon ; and evidence showing them to be auxiliaries merely, as going to the very point of his demand, was necessary to be laid before the jury, even on the liberal principle that the plaintiff himself may claim in this kind of action. But this is placed beyond all possible doubt by the privilege of the defendant as stated in *Moses* v. *McFarlin*, to give *any thing* in evidence under the general issue, that shows that the plaintiff is not entitled to the *whole* of his demand, or *any part* of it. The proof need not go to the *whole;* if *any part*, according to this last case, has been paid to the plaintiff, he shall never recover the *whole* in an action of this kind—and such *part* may be set up as a defence, the case says, under the general issue. There is a case in which it was so done, in *Bull. N. P.* 172. The defendant in an action on the case, *gave in evidence*, twenty guineas paid by him to a foreign minister to obtain protection for the plaintiff, and his expenses in getting it; the court directed the jury to *allow* these sums *in the amount*, if they believed them to be fair charges. A plainer case of *part* payment, could not be required. The idea that it must be pleaded is a great mistake, for no such

plea *in bar*, was ever known as *part* payment; it neither answers nor bars the action; and as it cannot from the nature of it be pleaded, it is always to be given in evidence; sometimes *under* one plea, and sometimes under another. In an action on the case, under the plea of the *general issue*, for the reasons before assigned; and because it goes in *mitigation of damages* as mentioned in a sentence or two ensuing the case stated in *Bull, N. P.* 153. In debt on a bond, it is given in evidence under a plea of payment *in full;* not that *part* payment *supports* a plea of payment *in full* any *better* than it supports non-assumpsit. It does not maintain either of them; but being given in evidence, it is to be allowed by the jury in reducing the plaintiff's demand.

The statute referred to, does not command notice to be given with the general issue, it says it shall be lawful, and so leaves it optional merely. But even a notice would have to be of *full* payment. otherwise the matter notified, would not in the words of the statute, be " such as if pleaded, would be a bar to the action," unless the court should give up the *words* of the statute for the sake of the substance.

When the books speak of evidence under the general issue, to bar the *whole* cause of action, they do so not to limit the rule at all; but to show its extent and potency. The whole of a thing includes all its parts, and if admissible to avoid the whole cause of action, much more to avoid any part of it. The greater includes the less. Part payment discharges a part of the debt, just as full payment does the whole.

I am of opinion that the defendant below was entitled to the evidence as part of a legal defence, and also to prevent the plaintiff in this kind of action, from recovering more than his just due; and that the judgment must be reversed.

RYERSON, J. concurred.

*Judgment reversed.*