### HOLFORD v. JAMES et al.

#### (Circuit Court of Appeals, Eighth Circuit. March 29, 1905.)

#### No. 2,024.

1. JUDGMENTS—DOCKET ENTRIES—INDEFINITENESS.

Docket entries of a judgment in a former action to recover the land in controversy recited, after title of the case and notations of adjournments: "Trial commenced January 18, 1887, and concluded January 27, 1887, and decided in favor of the defendant. Costs assessed against plaintiff, $1,389.15. Rents and money, $1,340. Total amount, $2,729.15. Appeal to the Supreme Court granted." And in the Supreme Court: "Court met pursuant to adjournment. The bench all present. The evidence in the case was then concluded, and, after some arguments by counsel on both sides, the case was submitted to the court for their decision. The court, after some deliberation, decided that the will is good, and hereby confirms the decision of the lower court." Held, that such recitals, though indefinite, sufficiently indicated that the action proceeded to final judgment.

2. SAME—RES JUDICATA—PLEA—PROOF.

It is sufficient to support a plea of res judicata if the record of the court having cognizance of the prior case shows final disposition of it on the merits, and this though the issues did not appear in the entry of judgment.

**3. SAME—ISSUES—PROOF.**

Where, on a plea of res judicata, the issues involved in the former case did not appear in the entry of judgment, it was competent to establish such issues by parol; the pleadings in the case having been destroyed by fire.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 585.]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 76 S. W. 261.

This was an action in ejectment brought by Virginia C. James and her children against George M. D. Holford in the United States Court for the Southern District of the Indian Territory, for the possession of a tract of land in the Chickasaw Nation. Both plaintiffs and defendant claimed title through one George D. James, a member of the Chickasaw Tribe of Indians, who was conceded to have been the owner of the property at the time of his death. The plaintiffs are the widow and children of a son and only child of George D. James, who died shortly before the death of his father. The defendant is the grantee of Margaret James, the surviving widow of George D. James. One of the grounds set forth in plaintiffs' complaint was that the controversy over the title to the property had been previously adjudicated in their favor. It was averred that after the death of George D. James an action was brought by Margaret, his widow, against one Overton Love, as the administrator of his estate, and also the representative of the widow and children of the deceased son (the plaintiffs in the action now under review), in the district court of the Chickasaw Nation, for the possession of the identical property now in controversy; that such court had jurisdiction of the parties and of the subject-matter of the action; that judgment was therein rendered in favor of Love in his representative capacity; that Margaret James thereupon appealed the cause to the Supreme Court of the Chickasaw Nation, and the judgment of the district court was affirmed, and therefore, as Holford, the defendant in the present action, claimed through Margaret James, he was conclusively estopped from asserting title to the property.

Upon the trial, which was to a jury, the plaintiffs, to sustain their claim of res adjudicata, introduced in evidence the records of the judgments of the Indian courts. That of the district court was in the following form:

## "Civil Docket, District Court, Chickasaw Nation.

"Mrs. Margaret E. James vs. Overton Love, administrator. Disputed property. G. D. James estate. Case continued until January term, 1887. July, 1886, called, and set to be called again on the seventeenth. Mutual agreement 1—4—87. Trial commenced January 18, 1887, and concluded January 27, 1887, and decided in favor of the defendant. Costs assessed against plaintiff, thirteen hundred and eighty-nine dollars and fifteen cents. Rents and money, thirteen hundred and forty dollars. Total amount, twenty-seven hundred and twenty-nine dollars and fifteen cents. Appeal to the Supreme Court granted."

The judgment of the Supreme Court, after the title of the cause and some immaterial preliminary recitations, was as follows:

"Court met pursuant to adjournment. The bench all present. The evidence in the case was then concluded, and, after some arguments by counsel on both sides, the case was submitted to the court for their decision. The court, after some deliberation, decided that the will is good, and hereby confirms the decision of the lower court."

It was conclusively shown that Love represented in that litigation the rights of the plaintiffs, Virginia C. James and her children. They also introduced evidence tending to show that the title to the land now in controversy was in issue in the action in the Indian courts, and was determined by the judgments referred to. Holford duly objected to the admission of the judgments of the Indian courts and of the extrinsic explanatory evidence.

Under the Indian laws, Margaret James was the sole heir of her deceased husband; and it may be assumed that, aside from the adverse adjudication

of the Indian courts, Holford, her grantee, appears from the record before us to be the owner of the property in controversy. He sought to have reconsidered the matters which entered into the prior litigation, and the grounds upon which rested the title confirmed by those judgments; but the trial court, by appropriate instructions, submitted to the jury the question whether the title to the property was an issue and was determined in the action in the Indian courts, and said, in substance, that upon an affirmative finding as to that matter their verdict should be for the plaintiffs. A verdict for the plaintiffs resulted. The judgment thereon was affirmed by the United States Court of Appeals in the Indian Territory, and this proceeding in error was prosecuted.

C. L. Herbert, E. A. Walker, and H. M. Cannon, for plaintiff in error.

W. B. Johnson and A. C. Cruce, for defendants in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Although other questions are presented by counsel for plaintiff in error, the case turns upon the admissibility, to establish the claim of res adjudicata, of the judgments of the district and supreme courts of the Chickasaw Nation, and of the extrinsic evidence which was received to show the connection of the present parties with that litigation, and the issues which were involved and determined therein. Those judgments and the explanatory evidence were admitted by the trial court, and the jury were fully justified in finding therefrom that the title now in dispute was in issue and was determined in the action in the Indian courts, which possessed jurisdiction of the subject-matter and of the parties.

The judgment entries received in evidence are brief and somewhat indefinite, but they sufficiently indicate that the prior action proceeded to final judgment. It is not our province to prescribe how a tribunal of another jurisdiction shall conduct its proceedings, or the language in which its conclusions shall be expressed. It is sufficient, in a plea of res adjudicata, if the record of the court having cognizance of the prior cause has finally disposed of it upon the merits. Nor need the issues which were determined appear in the entry of the judgment. Resort may be had to the pleadings for that information, and, if they do not afford it, evidence aliunde is admissible. It is well settled that, when necessary, extrinsic evidence may be received to establish the identity of the issues involved and determined with those which it is sought to again litigate, as well as to show the identity of the parties, or their relation of privity. Young v. Black, 7 Cranch, 565, 3 L. Ed. 440; Washington, etc., Packet Co. v. Sickles, 24 How. 333, 16 L. Ed. 650; Miles v. Caldwell, 2 Wall. 35, 17 L. Ed. 755; Packet Co. v. Sickles, 5 Wall. 580, 18 L. Ed. 550; Campbell v. Rankin, 99 U. S. 261, 25 L. Ed. 435; Burthe v. Denis, 133 U. S. 514, 522, 10 Sup. Ct. 335, 33 L. Ed. 768; Doty v. Brown, 4 N. Y. 71, 53 Am. Dec. 350; McGrath v. Seagrave, 2 Allen, 443, 79 Am. Dec. 797; Estill v. Taul, 2 Yerg. 467, 24 Am. Dec. 498; Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627.

In Washington, etc., Packet Co. v. Sickles, supra, the court approved of the admission of brief docket entries of a verdict and judgment, and extrinsic evidence that they were based upon the same matters then in litigation. It was said:

"The defendants objected to these docket entries as evidence of a verdict and judgment, but insisted they were simply memoranda or minutes, from which a record of a verdict and judgment were to be made. It appears that in the courts of this District, as in Maryland, the docket stands in the place of, or perhaps is, the record, and receives here all the consideration that is yielded to the formal record in other states. These memorials of their proceedings must be intelligible to the court that preserves them, as their only evidence, and we cannot, therefore, refuse to them faith and credit."

In McGrath v. Seagrave, supra, the court affirmed the admission, to prove a judgment, of the papers and minutes and the explanatory evidence of the magistrate; the record not having been extended.

In Miles v. Caldwell, supra, it was said:

"We are of opinion that the prevailing doctrine of the courts at present is that, whenever the form of the issue in the trial relied on as an estoppel is so vague that it does not determine what questions of fact were submitted to the jury under it, it is competent to prove by parol testimony what question or questions of fact were before the jury, and were necessarily passed on by them."

In Estill v. Taul, supra, the court said:

"Parol evidence is admissible to show the fact or issue tried and determined by the justice. It is even so in cases where the pleadings are in writing, but the judgment general and uncertain. It must be so of necessity where the defense is not on paper."

It is equally clear that if the judgment is in general terms, and the pleadings are lost, parol evidence should be received to prove what was adjudicated. It appears to have been the settled practice of the courts of the Chicksaw Nation to rely almost entirely upon the pleadings for a description of the subject-matter of the controversy; and, when a cause was appealed from the district court to the Supreme Court, the record sent up consisted of the original pleadings and a transcript of the evidence, all of which were returned to the former court upon the disposition of the appeal. It was shown in the case at bar that after the judgment of the district court was affirmed on appeal, and the pleadings and transcript were returned to it, they were lost or destroyed by fire. The evidence concerning the issue involved in that action which was admitted by the court below was therefore the best obtainable.

Holford contends that under no circumstances should land known as the "Boon Holford Tract" have been included in the judgment against him, for the reason that Margaret James, his grantor, acquired it by purchase from Boon Holford years before the present controversy arose. But we do not understand that it was so included. While there is some confusion in the record before us regarding the matter, it appears to be settled by a plat which was received in evidence, and agreed to by the parties to the cause as correctly representing the property in controversy and the surroundings. The tract marked, "Sold by Boon Holford to Margaret E. James," is not included in that designated as "Property

in Controversy," and we so construe the judgment which was rendered. Moreover, this construction is in accord with the description of the property in controversy contained in plaintiffs' complaint, wherein it is alleged to be bounded on the south by the Margaret James farm.

The judgments of the United States Court of Appeals and of the United States Court for the Southern District of the Indian Territory are affirmed.