ARKANSAS GRAND PRAIRIE OIL & GAS CO. v. DAVIDSON et al.

(Circuit Court of Appeals, Third Circuit.  May 23, 1916.)

No. 2104.

1. APPEAL AND ERROR ⬤⟿236(2)—REVIEW—HARMLESS ERROR.

The function of pleadings being to give notice and prevent surprise, plaintiff cannot complain of the introduction of evidence that defendant was incompetent to contract, where, though the pleadings did not clearly raise that defense, no claim of surprise or application for postponement was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1385; Dec. Dig. ⬤⟿236(2).]

2. CONTRACTS ⬤⟿346(9)—PLEA—NON ASSUMPSIT—MENTAL CAPACITY.

Mental incapacity to contract may be shown under the defense of non assumpsit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1726; Dec. Dig. ⬤⟿346(9).]

3. CONTRACTS ⬤⟿338(3)—PLEA—DEFENSES—PLEADING RULES OF COURT.

In assumpsit on a contract, plaintiff, while filing its affidavit of claim, served no copy on defendant, so as to attempt to lay the foundation for a judgment for want of an affidavit of defense.  Under a rule on defendants to plead and to furnish a bill of particulars of the defense, defendants filed a plea of non assumpsit and one of set-off, and also denied the several averments of the complaint.  Plaintiff made the guardian of the principal defendant a party defendant.  The rules of the district court provide for verification of plaintiff's statement in assumpsit, and that no evidence shall be admitted save as set forth in defendant's affidavit in traverse of the statement of claim.  Held that, as defendant's counterclaim for moneys paid under the contract asserted the defendant's incapacity, there was a substantial compliance with the rules, entitling defendants to assert the defense of want of capacity.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1704; Dec. Dig. ⬤⟿338(3).]

4. APPEAL AND ERROR ⬤⟿1046(5)—HARMLESS ERROR—COMMENTS OF JUDGE.

Where defendant's mental incapacity was not contradicted, and there was no conflict of medical testimony, a remark by the trial judge in his charge that an alienist called by defendant was one of the ablest in the locality is no ground for reversal though the jury found want of capacity to contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4134; Dec. Dig. ⬤⟿1046(5).]

In Error to the District Court of the United States for the Western District of Pennsylvania.

Action by the Arkansas Grand Prairie Oil & Gas Company against Frederick Davidson, with notice to Eleanor Hibbert Davidson, his guardian.  There was a judgment for defendant, and plaintiff brings error.  Affirmed.

M. H. Stevenson, of Pittsburgh, Pa., for plaintiff in error.

Harvey A. Miller and Miller, Vogan & Nesbitt, all of Pittsburgh, Pa., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

---

BUFFINGTON, Circuit Judge. In the court below the plaintiff, a corporate citizen of Delaware, brought an action of assumpsit against Frederick Davidson, with notice to Eleanor Hibbert Davidson, his guardian, both of whom were citizens of Pennsylvania, to recover an unpaid balance of a stock subscription to its stock. On the trial the issue, as submitted by the court, turned on whether the defendant Davidson was sane when the subscription was made, and, if sane, whether he had authorized the signing of his name to the subscription by a third person. The jury having found a verdict for the defendant, the plaintiff sued out this writ.

As shown by its prospectus in evidence, the plaintiff company, with an authorized capital stock of 100,000 shares of $10 each, was formed to develop oil and gas territory, and to that end leased some 80,000 acres in Prairie county, Ark., in "what they considered a great unexplored field for oil and gas." On February 20, 1913, Miss M. M. Ackley, who resided in Pittsburgh and was selling the company's stock on commission, wrote Mr. Davidson a letter at Beaver Falls, Pa., inclosing a prospectus of the company and a stock subscription blank, and requested him to subscribe for some stock. To this letter he replied on February 25th, stating that he would not be able to consider it for two or three days, as he had to go to Buffalo, and stating, "I will write you fully on my return." This he did not do, nor did he reply to a second letter she wrote him, in which she stated:

. "If the well comes in good, the stock will go up, and you can't purchase it at the price quoted you."

No discussion took place between them as to the stock, but Miss Ackley testified: That on March 22d following she was called on the telephone at Pittsburgh by Mr. Davidson from Atlantic City, who requested she get him 1,000 shares. Having subsequently ascertained she could get it, she called him up later at the Waldorf-Astoria Hotel at New York, and told him she could get it, but that he would have to pay $1,000 down on the subscription. That he thereupon told her he would telephone the first of the week, that she should sign it for him and hold it until he came home, and that she should call up his brother George at Beaver Falls to send her the $1,000. That she then signed the subscription sued upon, dated March 22d, in behalf of Mr. Davidson, and gave the company her check for $1,000. Having telephoned Mr. George Davidson, who in the absence of any advices from his brother declined to advance any money, she telegraphed Frederick in New York:

"Gave my check $1,000 account 1,000 shares. George wants telegram from you. Check goes to bank Monday. Answer."

To this telegram no answer was received, but on Monday she received a letter from George, inclosing "my check for $1,000, at request of my brother Frederick." The plaintiff further proved that some 10 days before a witness, who was leasing land for the company, talked with Frederick Davidson about the general prospects of the company, and that there was nothing abnormal in his talk or actions.

On the part of the defendant there was testimony tending to show the defendant was a man of large affairs, that he was under severe mental strain, that before, on, and shortly after, March 22d he exhibited signs that his mind was unsettled, that by the fifth day following the ordering of this stock he had become so violently insane that he was placed in confinement, and his wife, Mrs. Eleanor Hibbert Davidson, was subsequently appointed his guardian. Indeed, the proof of the mental condition of Davidson was such that under the proofs there could be no substantial dispute as to his insanity. We are therefore satisfied, from a study of this record, that the jury did substantial justice by their verdict.

Such being the case, the inquiry arises: Is the court constrained to set aside this result by reason of some error committed in reaching it? Such alleged errors group themselves into three branches: The restrictions of the pleadings; the character of the proofs; the court's charge and answers to points.

[1] Turning first to the pleadings, it is contended they gave no notice of the defense of Davidson's mental incapacity, and consequently that all evidence thereof was improperly admitted. The purpose of requiring notice in advance of trial to be given by pleadings is to prevent surprise to one's opponent and enable him to provide proofs to meet the disclosed issue. In the present case no suggestion was made by the plaintiff that it was surprised, no application was made by the plaintiff to the court at the trial for a postponement to allow it to furnish any such testimony, nor is any contention now made that on a retrial such testimony would be forthcoming. It is evident, therefore, that even if the pleadings did not give notice of such testimony being given, no injury was done the plaintiff thereby. But, apart from that, we are of opinion the court in admitting this testimony committed no error.

[2] There could be no question but that the plaintiff, in invoking the jurisdiction of the court, knew it was litigating with a mental incompetent, for it named the committee of Davidson as a party defendant. Having made such committee a defendant, the case fell within the well-recognized rule that a person sued in a representative capacity is not required to file an affidavit of defense, and the conduct of the suit by the plaintiff shows it was not contemplated that any affidavit of defense to prevent judgment would be filed. For the plaintiff, while it filed its affidavit of claim, served no copy on the defendant, as required by rule 16, § 2, and section 4 of the Pennsylvania Practice Act of May 25, 1887 (P. L. 271), and so did not attempt to lay the ground for a judgment for want of an affidavit of defense. Counsel for the defendants having appeared, plaintiff thereupon entered a rule on the defendants to plead and another to furnish a bill of particulars of his defense. In answer to the rule to plead, the defendants filed a plea of non assumpsit and one of set-off, with leave to give in evidence the special matter set forth in the defense filed. They also, on the same day, filed a paper, entitled "Defense and Counterclaim," wherein the allegations of the plaintiff's statement showing alleged liability were quoted and denied, as follows:

She denies the allegations of the plaintiff as follows:

"On the 22d of March, 1913, the said Frederick Davidson, by a subscription in writing, duly signed by the said Frederick Davidson by his agent in that behalf, M. M. Ackley, the said M. M. Ackley being thereto fully authorized by the said Davidson as his agent for that purpose, and the said Davidson subsequently ratifying and approving of her said act, subscribed for and agreed to pay for 1,000 shares of the capital stock of the said Arkansas Grand Prairie Oil & Gas Company, at par, that is to say, at $10 per share, the amount of said subscription, to wit, $10,000, being payable as follows:

25 per cent. on date of subscription, March 22, 1913.
25 per cent. in 30 days thereafter.
25 per cent. in 60 days thereafter.
25 per cent. in 90 days thereafter.

"A true and correct copy of the said subscription is hereto attached and made a part hereof, marked Exhibit 'A'."

She denies the allegations of the plaintiff as follows:

"On or about the date of the said subscription, the said defendant paid to the plaintiff the sum of $1,000, leaving due and payable the sum of $9,000, with interest thereon as follows:

On $1,500 from March 22, 1913.
On $2,500 from April 22, 1913.
On $2,500 from May 22, 1913, and
On $2,500 from June 22, 1913."

This was followed by statements that:

"Eleanor H. Davidson, guardian, alleges: That through mental incapacity on the part of Frederick Davidson, the defendant, and mistake on the part of one George Davidson, the said George Davidson, on March 25, 1913, paid to Minnie Ackley, the solicitor for the sale of stock for the plaintiff, the sum of $1,000, which was charged to the account of Frederick Davidson. That Eleanor H. Davidson, guardian, therefore denies that the defendant is indebted to the plaintiff in the sum of $9,000, or in any sum of money whatever, but that by means of the premises as herein set forth the defendant is entitled to recover the sum of $1,000 from the plaintiff, with interest from March 25, 1913, being the amount paid as above stated and charged against the funds of Frederick Davidson. A certificate will be demanded in favor of the defendant and against the plaintiff for the said sum of $1,000, with interest as aforesaid."

Apart from the rules of the District Court, it is clear that in the courts of the United States the defense of mental incapacity here made was admissible under the plea of nonassumpsit. In Craig v. Missouri, 4 Pet. 426, 7 L. Ed. 903, it is said:

"Everything which disaffirms the contract, everything which shows it to be void, may be given in evidence on the general issue in an action of assumpsit."

In Mason v. Eldred, 73 U. S. (6 Wall.) 234, 18 L. Ed. 783:

"It has long been settled that under the plea of the general issue in assumpsit evidence may be received to show, not merely that the alleged course of action never existed, but also to show that it did not subsist at the commencement of the suit."

And in Young v. Black, 7 Cranch, 565, 3 L. Ed. 440:

"It has been long since established that under non assumpsit the defendant may give in evidence anything which shows that no debt was due at the time when the action was commenced, whether it arise from an inherent defect in the original promise or a subsequent discharge and satisfaction."

[3] Notwithstanding the competence of testimony of insanity under the plea of non assumpsit, it is contended it was in this case inadmis-

sible, by reason of the rule of the court below, set forth in the margin,[1] which provides that no evidence shall be admitted save as set forth in the defendant's affidavit in traverse of the statement of claim. But to our mind we think there was a substantial compliance with the rule, and that, under all the circumstances of the case and the atmosphere of the trial, the court committed no error in exercising that wide range of discretion which a trial court has in applying its own rules. Assuming for the present purposes that notice had not been given by the pleadings, it was clear that the question of sanity was the gist of the case, and even if an amendment was required to permit its introduction the fact remained that ultimately it must be heard. If an amendment were made, the plaintiff would of course have had a right to a continuance on the ground of surprise. So that, if the court below or this court on review were to hold the pleadings did not give notice, the defendant could amend, and have the question of insanity put in issue. But we are clear, as we have said, that the pleadings gave the plaintiff substantial notice of that defense. In the first place, the plaintiff made Davidson's committee a party to the suit, and in point of fact did know of his insanity. Recognizing that insanity, plaintiff made no attempt to require an affidavit of defense. In its statement of claim, quoted above, it will be noted the plaintiff made the two acts, namely, making the subscription and paying the hand money, joint parts of the single contract sued on, and by its proofs—"he would have to pay at least $1,000 down to hold it"—had made that payment of $1,000 the consummation of the contract. When, therefore, the defendant, in its defense and counterclaim, supra, had quoted and traversed the plaintiff's averments of a contract, and then proceeded to claim she was entitled to receive back the $1,000 of hand money on the ground that through the mental incapacity of Frederick Davidson it was paid by mistake of George Davidson, it is clear that the plaintiff was fully apprised that to sustain its case it must be prepared to meet the issue of Davidson's mental incapacity when he closed the contract. The work-

[1] "Section 1. In all actions by writ of scire facias for the collection of moneys secured by recognizance, judgment, mortgage, or other record or quasi record, also in all actions of assumpsit, the plaintiff's statement of claim may be verified by affidavit; and if so verified, the defendant's affidavit of defense, or his affidavit in traverse thereof, shall be deemed and taken to be a pleading in the case, and upon trial no evidence on the part of the defendant shall be admitted in defense except such as may be alleged in his affidavit; and such items of claim and material averments of fact of the plaintiff's statement as are not directly and specifically traversed and denied by the defendant's affidavit, shall be taken as admitted. In cases where an affidavit of defense is not required, but the defendant desires to file an affidavit in traverse, it must be so filed within fifteen days after the return of the writ.

"Sec. 2. This rule shall apply to a specification of set-off or statement of counterclaim on the part of the defendant, who shall, within fifteen days after filing an averment of such set-off or counterclaim give notice thereof in writing to the plaintiff, who shall, within a like period of fifteen days after such notice, file his reply thereto, verified by affidavit. If the defendant fail to give notice, he shall not be permitted to offer evidence in support of his averment of set-off or counterclaim upon the trial; and if the plaintiff, having been duly notified of the defendant's specification of set-off, or statement of counterclaim, fail to make answer thereto, his failure shall, upon the trial of the cause, be construed as an admission of all the facts essential to the support of the defendant's averment of set-off or counterclaim."

ing object of the rule is to give notice and prevent surprise. We think the pleadings gave notice and the plaintiff was not surprised. The court below said that, while the exact literalism was not complied with, yet its spirit and substance were fulfilled. In that regard, in refusing a new trial, the trial judge said:

"The guardian made express denial of material averments of the plaintiff's statement of claim, and then set forth her claim to the $1,000 by allegations 'that through mental incapacity on the part of Frederick Davidson, the defendant, and mistake on the part of one George Davidson, the said George Davidson, on March 25, 1913, paid to M. M. Ackley, the solicitor for the sale of the stock for the plaintiff, the sum of $1,000, which was charged to the account of Frederick Davidson.' The plaintiff filed a reply to the claim of the defendant, and denied 'that the $1,000 mentioned in the affidavit of defense was paid through mental weakness on the part of said Frederick Davidson, or by mistake on the part of George Davidson.' The plea of the defendant included non assumpsit and a set-off."

[4] Finding no error in the admission of the testimony bearing on Davidson's mental capacity, there remains little else of substance to consider. The use of certain language of the court in its charge is objected to. It may be conceded that the judge's remark in the charge that a witness was "one of the ablest alienists that we have in our locality" might better have been omitted; but we cannot regard this statement as a matter of such substance as, standing alone, would warrant a reversal. It was not a case where rival views of alienists were in question, for no physician was called by the plaintiff to challenge the views expressed by this witness and another physician.

Without, therefore, discussing the assignments seriatim, we may say we find they involve no error, and the judgment below is affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes