Tilghman C. J.
The motion of the plaintiff’s counsel is, that the plaintiff shall not be compelled to join in demurrer, .-unless certain facts are admitted. It is to be considered in *187 what situation the cáuse-now. stands. When the trial came on before me at the last Nisi Prins, as soon as the plaintiff had offered all his evidence the defendant demurred. The plaintiff’s counsel objected to joining in the demurrer, unless certáin facts were admitted. Some of these facts I thought ought to be admitted, and directed accordingly. But one of them, to which it appeared to me there was no evidence whatever, I was'bf Opinion ought not to be admitted. Having delivered my opinion, the jury proceeded to assess contingent damages, but it seems the demurrer was not actually-drawn up. There is some difference in the recollection of the counsel, with respect to their own understanding at the time, as to the drawing up of the demurrer. But upon the whole, I cannot help thinking, that the substantial part of the business was settled, and what remained to be done was bdt matter of form. The law with respect to demurrers to evidence was well considered by this Court in the case of Pass and Vaughan’s lessee v. Eason. There may be a demurrer as well to parol as to -written evidence. But where the evidence is uncertain, or circumstantial, the party by whom it is offered, may specify the facts which he wishes to be expressly admitted, before he joins in the demurrer. The Judge must decide upon that matter, and, in my opinion, every fact should be admitted, which the evidence conduces to prove, though but in a slight degree.. So if one fact tends to the induction of another, the last fact should also be admitted. Under these restrictions ii is the right of the party demurring to insist on the demurrer-being joined, because it is his right to have the law decided by the Court, and not by the jury. And there is no danger of any injury to the trial by jury, arising from this practice, because it is the duty of the Judge to be liberal, in directing the admission of facts, and if he errs in judgment, it will be good causé for this Court in bank to order a. venire facias de novo. But in the present instance, the plaintiff’s. counsel say they were taken by surprise, and therefore omitted several material facts, which, upon reflection, they think they may fairly ask to be admitted. It may Very possibly be. so, although in this stage of the cause, it would be premature to give an opinion on that subject. How then does the plaintiff stand? If he was .really cut off-from any material defence, I should be for relieving him. -But he’ is not, because the Court may now en the argument of the *188 demurrer, make every inference of fact in his favour, which the evidence warrants, and which he would have been justified in asking to be admitted, before he joined in demurrer; or, if upon full consideration of the record, the Court should be of opinion, that there are not facts sufficient to warrant a judgment, they may order a venirp de novo, as was done by the House of Lords, in the case of Gibson and Johnson v. Hunter, (2 H. Blac. 187.) Considering then, as I do, that the demurrer was substantially joined on the trial, I am of opinion that the plaintiff’s motion ought not to be granted.
Ye ates J. concurred.
Brackenridge J. delivered no written opinion, but inclined to a venire de novo.
Motion rejected,