Tixghman, C. J.
The defendants produced, and offered to give .in evidence, certain articles of agreement between Philip Mans, the plaintiff, and David Petrekin, for the purpose of showing, that the plaintiff’s title was divested, and he had no right to recover in the suit. The plaintiff excepted to the opinion of the court, who admitted the evidence. The writing, on its face, purports to be an article of agreement. — It recites, that this suit was depending, and that the plaintiff had given Petrekin a power of attorney to prosecute it to judgment — It then goes on to say, that the plaintiff had agreed to grant, bargain and sell, and he did thereby grant, bargain and sell, the land in controversy, to Petrekin and his heirs — after which, it is said, that Petrekin shall prosecute this suit, by virtue of the power of attorney from the plaintiff', arid if he shall be successful, he shall pay the plaintiff 2000 dollars, afid the plaintiff shall convey the land to him in fee— Petrekin is to bear the expenses of the suit, but if the plaintiff’s title does not prevail, Petrekin is not to pay the 2000 dollars, or *332 any part thereof. Now, nothing can be more clear, than that this was an executory agreement, notwithstanding the words of immediate grant, inadvertantly introduced. We must take the whole writing into consideration, in order to judge of its intent, and operation. To construe it, as an immediate conveyance, would be in direct contradiction to the intent of the parties, manifested in almost every line. An immediate conveyance would disable the plaintiff from recovering in this suit; whereas, the intent was, that the suit should be prosecuted to judgment in the plaintiff’s name, and no money paid, unless he recovered;, and if he did recover, he was to execute a conveyance. It would be a waste of time, to multiply words, to prove the intent of this instrument. And as to the legal operation of a writing, plainly intended as an executory agreement, in which words of present conveyance are inconsistently introduced, we have authority for saying, that it shall be construed as executory, in the cases of the Lessee of Stouffer v. Coleman, 1 Yeates, 393, and Hoover and others v. The Lessee of Gonzalus, decided at the present term.* There was error, therefore, in the admission of this deed in evidence, for the purpose of proving to the jury, that the plaintiff’s right was transferred to Petrekin, in consequence of which, he could not recover in this action.
There is another exception taken by the counsel for the piaintiff. WThen the evidence had been given on both sides, the plaintiff demurred to the defendants’ evidence. The defendants refused to join in demurrer, and the court would not compel them. To decide whether the defendants ought to have been compelled to join in demurrer, we must consider the nature of the defendants’ evidence. The plaintiff claimed under an application, dated 3d April, 1769, No. 2297., in the name of Maurice Turner, for “ 300 acres of land in the forks of Mahoning Creek, about two miles from the. north east branch of the Susquehannah.” On this application, a survey was made by William Scull, deputy surveyor, on the 20th October, 1769. The defendants claimed under an application, dated 3d April, 1769, No. 456, in the name of Alexander M‘Donald, “for 300 acres of land, situate on the north branch of the Susquehannah, and on the north side of the said branch, called Ma-honing, adjoining Col. Francis’s land, on the said north branch, and about twelve miles from fort Augusta.” The defendants gave parol evidence, in order to prove,1st. That their application described the land in dispute. 2d. That the plaintiff’s application did not describe it. 3d, That they entered a caveat in the year 1771 against the acceptance of Turner’s survey, took possession in 1773, and had held it ever since, and had in all respects prosecuted their claim with due diligence, and made valuable improvements. 4th. That William Scull, the deputy surveyor, being a relation of Turner’s family, had acted with partiality, in making a. survey for' him, which ought to have been made for M‘Donald. Now how was it *333 possible-for the court to decide these things, which were matters of fact? Whether an application be descriptive of a certain tract of land, is simply and purely a matter of fact, which cannot be decided by an inspection of papers. The description in the written application, must be compared with the land which it is said to describe, and this can be no otherwise done, than through the medium of parol evidence. The defendants had a right to appeal to the jury for a decision of the matters on which they rested their defence, unless the plaintiff would concede them, which he could not do without giving up his cause. The defendants offered to join in demurrer, if the plaintiff would concede the facts which his evidence had a tendency to prove; and this they had a right to do, if the evidence offered but slight ground for drawing the inference for which they contended. But the plaintiff refused to make these concessions. The court was right, therefore, in not compelling the defendant to join in demurrer. ,
Duncan, J. took no part in the decision, having been of counsel in the cause.
Judgment reversed, and a venire facias de novo awarded.

 Ante, page 314.