[DEMURRER TO EVIDENCE.]

## FOWLE *against* THE COMMON COUNCIL OF ALEXANDRIA.

No judgment can be rendered upon a demurrer to evidence until there is a joinder in demurrer ; and issue cannot be joined upon the demurrer so long as there is any matter of fact in controversy between the parties.

The demurrer to evidence must state facts, and not merely the evidence conducing to prove them.

One party cannot insist upon the other party joining in demurrer, without distinctly admitting, upon the record, every fact, and every conclusion, which the evidence given for his adversary conduced to prove.

Where the demurrer to evidence is defective in these respects, and judgment has, notwithstanding, been rendered upon it for the party demurring, by the Court below, the judgment will be reversed in this Court, and a new trial awarded.

*Feb. 27th.*      THIS cause was argued by Mr. *Webster* and Mr. *Swann*, for the plaintiff,[a] and by Mr. *Jones* and Mr. *Taylor*, for the defendant. But, as it was determined by the Court upon the defects in the demurrer to evidence, it has not been thought necessary to report the arguments of counsel.

*March 1st.*     Mr. Justice STORY delivered the opinion of the Court.

a They cited, as to the liability of corporations in a private action for neglect of their duties, and consequent damages sustained by individuals, Yarborough v. Bank of England, 16 *East's Rep.* 6. and Riddle v. Proprietors, &c. 7 *Mass. Rep.* 169.

This is a writ of error from the Circuit Court sitting at Alexandria for the District of Columbia. The original action was brought against the defendants to recover damages asserted to have been sustained by the plaintiff, in consequence of the neglect of the defendants to take due bonds and security from one Philip G. Marsteller, licensed by them as an auctioneer for the years 1815, 1816, 1817, and 1818, according to the express provisions of the statute in this behalf enacted.

At the trial below, upon the general issue, one of the principal points in controversy was, whether the said Marsteller was, in fact, licensed by the defendants as an auctioneer during the years above stated; and both parties introduced a good deal of evidence, for the purpose of supporting or repelling the presumption of the fact. The defendants demurred to the evidence as insufficient to maintain the plaintiff's action, and the record itself contains the whole evidence introduced at the trial, as well that arising from the testimony of witnesses as that arising from written documents.

There is no joinder in demurrer on the record, which is probably a mere defect in the transcript, as the Court proceeded to give judgment upon the demurrer in favour of the defendants. Without a joinder in demurrer, no such judgment could be properly entered; and such joinder ought not to have been required or permitted while there was any matter of fact in controversy between the parties.

1826.

Fowle
v.
The Common Council of Alexandria.

1826.

Fowle
v.
The Com-
mon Council
of Alexan-
dria.

Indeed, the nature of the proceedings upon a demurrer to evidence, seems to have been totally misunderstood in the present case. It is no part of the object of such proceedings, to bring before the Court an investigation of the facts in dispute, or to weigh the force of testimony or the presumptions arising from the evidence. That is the proper province of the jury. The true and proper object of such a demurrer is to refer to the Court the law arising from facts. It supposes, therefore, the facts to be already admitted and ascertained, and that nothing remains but for the Court to apply the law to those facts. This doctrine is clearly established by the authorities, and is expounded in a very able manner by Lord Chief Justice Eyre, in delivering the opinion of all the Judges in the case of *Gibson* v. *Hunter*, before the House of Lords. (2 *H. Bl. Rep.* 187.) It was there held, that no party could insist upon the other party's joining in demurrer, without distinctly admitting, upon the *record*, every fact, and every conclusion, which the evidence given for his adversary conduced to prove. If, therefore, there is parol evidence in the case, which is loose and indeterminate, and may be applied with more or less effect to the jury, or evidence of circumstances, which is meant to operate beyond the proof of the existence of those circumstances, and to conduce to the proof of other facts, the party demurring must admit the facts of which the evidence is so loose, indeterminate, and circumstantial, before the Court can compel the other side to join

therein. And if there should be such a joinder without such admission, leaving the facts unsettled and indeterminate, it is a sufficient reason for refusing judgment upon the demurrer; and the judgment, if any is rendered, is liable to be reversed for error. Indeed, the case made for a demurrer to evidence, is, in many respects, like a special verdict. It is to state facts, and not merely testimony which may conduce to prove them. It is to admit whatever the jury may reasonably infer from the evidence, and not merely the circumstances which form a ground of presumption. The principal difference between them is, that, upon a demurrer to evidence, a Court may infer, in favour of the party joining in demurrer, every fact of which the evidence might justify an inference; whereas, upon a special verdict, nothing is intended beyond the facts found.

Upon examination of the case at bar, it will be at once perceived, that the demurrer to evidence, tried by the principles already stated, is fatally defective. The defendants have demurred, not to facts, but to evidence of facts; not to positive admissions, but to mere circumstances of presumption introduced on the other side. The plaintiff endeavoured to prove, by circumstantial evidence, that the defendants granted a license to Marsteller as an auctioneer. The defendants not only did not admit the existence of such a license, but they introduced testimony to disprove the fact. Even if the demurrer could be considered as being exclusively taken to the

1826.

Fowle
v,
The Com-
mon Council
of Alexan-
dria.

plaintiff's evidence, it ought not to have been allowed without a distinct admission of the facts which that evidence conduced to prove. But when the demurrer was so framed as to let in the defendants' evidence, and thus to rebut what the other side aimed to establish, and to overthrow the presumptions arising therefrom, by counter presumptions, it was the duty of the Circuit Court to overrule the demurrer, as incorrect, and untenable in principle. The question referred by it to the Court, was not a question of law, but of fact.

This being, then, the posture of the case, the next consideration is, what is the proper duty of this Court, sitting in error. It is, undoubtedly, to reverse the judgment, and award a *venire facias de novo*. We may say, as was said by the Judges in *Gibson* v. *Hunter*, that this demurrer has been so incautiously framed, that there is no manner of certainty in the state of facts, upon which any judgment can be founded. Under such a predicament, the settled practice is, to award a new trial, upon the ground that the issue between the parties, in effect, has not been tried.

Judgment reversed, and a *venire facias de novo* awarded.[a]

a *Vide* United States Bank v. Smith, *ante*, p. 171.