Overseers of the Poor of Boston v. Sears.

---

## Benjamin F. Copeland *et al. versus* The New England Insurance Company.

A demurrer to evidence admits not only all the facts directly stated in it, but also all the facts which the evidence legally tends, in any degree, to prove ; and refers to the court merely the application of the law to such facts.

If the evidence offered by one party does not show a *primâ facie* case, the other party may demur ; but the party demurring cannot avail himself of such facts as the evidence tends to prove in his own favor.

Where the evidence is circumstantial or uncertain, leaving much to inference, it will not be sufficient to demur to the evidence generally, but in reciting the evidence, in the demurrer, the party demurring should state distinctly the facts which the evidence tends to prove in favor of the opposite party, and which he thereby admits, in order that the court may readily perceive the facts upon which they are to decide.

This was assumpsit on a policy of insurance, whereby the defendants insured the sum of $2,500 on the brig Adams, at and from Wilmington to Jamaica and at and from thence to her port of discharge in the United States. It was alleged, that the vessel was totally lost upon a coral reef near the Isle of Pines, while on her voyage from Jamaica to Wilmington.

Plea, the general issue.

The plaintiffs, in order to maintain the issue on their part, introduced the policy, the register of the vessel, the written abandonment of their interest, and the depositions of three witnesses, which had been taken on behalf of the defendants, detailing the circumstances attending the loss of the vessel. They also examined a witness *vivâ voce*, and his testimony was re-

Copeland
v.
New Eng.
Ins. Co.

duced to writing.  The defendants, " confessing all said evidence to be true, and admitting every fact and every conclusion which the evidence thus given by the plaintiffs conduces to prove," say that the matters thus shown in evidence are not sufficient in law to maintain the issue on the part of the plaintiffs, and pray judgment that the jury may be discharged from giving any verdict upon such issue, and that the plaintiffs may be barred from having their action against them.  The plaintiffs joined in the demurrer.

*April 4th.*      *W. D. Sohier*, for the defendants, contended that, upon the evidence, it appeared that the loss was not occasioned by the perils of the seas, but by the incapacity or barratry of the master, or by a deviation.

*D. A. Simmons* and *Gay*, for the plaintiffs.  The demurrer brings in question only the relevancy of the evidence to the whole issue ; and the effect of it is the same as if a verdict had been returned for the plaintiffs upon this evidence.  If the Court therefore would not set aside such a verdict, the plaintiffs are entitled to judgment on the demurrer.  *Young v. Black*, 7 Cranch, 565 ; *Bank of the United States v. Smith*, 11 Wheaton, 171 ; Gould on Pl. *c.* 9, § 49, 50, 51 ; *Cocksedge v. Fanshaw*, 1 Dougl. 119, 375; *Gibson v. Hunter*, 2 H. Blackst. 205.

*April 6th.*      MORTON J. delivered the opinion of the Court.  This is assumpsit on a policy of insurance on the brig Adams.  It is alleged, that the brig was totally lost upon a coral reef near the Isle of Pines on the coast of Cuba.  The admissions of the parties reduced the case to the simple question, whether the loss was caused by any of the perils insured against.  To prove the affirmative the plaintiffs introduced the testimony of four witnesses, and here submitted their case.  The defendants believing this evidence to be insufficient to support the action, demurred to it.  The plaintiff joined in the demurrer ; and the case has been argued upon the evidence thus brought before us.

This mode of trial is very unusual in this State.  No case of the kind has happened since the commencement of our Reports ; and it is believed that very few instances occurred before that time    But however unusual the resort to this mode

of trial may be, it cannot be questioned, that the legal right to demur to evidence exists, under proper regulations and restrictions. However, as its purpose seems to be, to withdraw facts from the tribunal specially provided for their determination, it is no favorite of our system. And when the hazard and disadvantages which it imposes upon the party demurring, are duly considered, and the few cases to which it may properly apply are recollected, there will be no danger of its coming into common practice.

There are undoubtedly cases, though they are rare, in which a demurrer to evidence may be safely and properly taken. Where all the evidence in a case, consists of written instruments, and these are introduced by the party having the affirmative, his opponent may safely demur to the evidence, and be sure thereby to bring the merits of his case before the court. As it would be the province of the court to determine the construction and legal operation of the instruments, they would have, by the concession of the parties, all the materials necessary to enable them to determine the legal rights of the parties in the action. The facts being thus before them they, in applying the law to them, are in the exercise of their appropriate duty.

But a demurrer is not confined to written evidence. Where witnesses positively testify to certain definite facts, and there is no discrepancy between them, and no other evidence to be offered, a demurrer will properly bring these facts before the court, and enable them to judge whether they will sustain the action or defence which they are introduced to support.

But it not infrequently happens, that the plaintiff or party having the affirmative, attempts to support the issue on his part by indirect and circumstantial evidence. And when the positions are to be established by inferences from many other facts, it is difficult, if not impracticable, to admit a demurrer.

It may be well here to consider the effect of a demurrer to evidence. And we shall do it with the more care, because we apprehend, that it was not duly considered or perfectly understood by the counsel on either side. It seems to have been supposed to be an admission of the truth of the evidence ; and the Court have been called upon, supposing it all to be true, to determine what inferences may be drawn from it, and whether it

would be competent for the jury upon it to find a verdict for
the plaintiffs. And it has been argued, that if we would set
aside a verdict found for the plaintiffs on this evidence, we
must render judgment for the defendants, on the demurrer.

But we think this is a mistaken view of the subject and fails
to give to the demurrer its legal effect. It leaves it to the court
to draw inferences from the circumstances proved and to judge
of the *weight* of the evidence ; which would be trenching upon
the province of the jury. The effect of a demurrer to evi-
dence, is not only to admit the truth of the evidence, but the
existence of all the facts which are stated in that evidence, or
which it conduces to prove. Hence that most acute and learn-
ed pleader, Mr. Justice *Gould*, says, that this demurrer,
" though called a demurrer to *evidence*, is essentially a demur-
rer to the *facts shown in evidence.*" Gould on Pleading, 47,
48, 49. As a demurrer to a declaration asks the opinion of
the court upon the facts properly pleaded, so a demurrer to
evidence asks their opinion upon the facts shown in evidence.
In both cases the decision is purely a matter of law, and can-
not involve any questions of fact on the evidence.

The true question always raised by this kind of demurrer is,
not what it is competent for the jury to find, but what the evi-
dence *tends* to prove. This view is fully sustained by a most
clear and elaborate opinion given by the very learned Lord
Chief Justice *Eyre*, in pronouncing the judgment of the House
of Lords in the case of *Gibson* v. *Hunter*, 2 H. Blackstone,
187. This case contains a most lucid and able discussion of
the whole subject. He says, the precise operation of a demur
rer to evidence is, to take from the jury and refer to the judges
the application of the law to the fact. In the nature of things
the facts are first to be ascertained. Where the evidence is
written or, if in parol, is positive, definite and certain, the
party offering the evidence is bound to join in demurrer. But
the reason of the rule " does not apply to parol evidence
which is loose and indeterminate, which may be urged with
more or less effect to a jury ; and least of all will it apply to
evidence of circumstances, which evidence is meant to operate
beyond the proof of the existence of those circumstances,
and to conduce to the proof of the existence of other facts.

And yet if there be no demurrer in such cases, there will be no consistency in the doctrine of demurrers to evidence, by which the application of the law to the fact on an issue is meant to be withdrawn from a jury and transferred to the judges. If the party who demurs, will admit the evidence of the fact, the evidence of which fact is loose and indeterminate, or in the case of circumstantial evidence, if he will admit the existence of the fact, which the circumstances offered in evidence conduce to prove, there will then be no more variance, in this parol evidence, than in a matter in writing, and the reasons for compelling the party who offers the evidence to join in demurrer, will then apply, and the doctrine of demurrers to evidence will be uniform and consistent." See also *Middleton* v. *Baker*, Cro. Eliz. 753.

This doctrine seems to be founded upon and well supported by the case of *Wright* v. *Pindar*, reported in Style, 34, and also in Aleyn, 18. In Style, Chief Justice *Rolle* says, " that matter of fact ought to be agreed in a demurrer to evidence, otherwise the court cannot proceed upon the demurrer ; for the judges cannot try the matter of fact, for that were for the judges to give the verdict, which belongs to the jury to do." And in Aleyn, 18, the decision is thus stated. " And it was resolved, that he that demurs upon the evidence ought to confess the whole matter of fact to be true, and not refer that to the judgment of the court. And if the matter of fact be uncertainly alleged, or that it be doubtful whether it be true or not, because offered to be proved only by presumptions and probabilities, and the other party will demur thereupon, he that alleges the matter, cannot join in the demurrer with him ; but ought to pray the judgment of the court, that he may not be admitted to his demurrer unless he will confess the matter of facts to be true. And for that the defendant did not so in this case, both parties having misbehaved themselves, the court cannot proceed to judgment." *Venire facias* ordered.

The same principles are recognized by the Supreme Court of the United States, in *Young* v. *Black*, 7 Cranch, 565. Mr. Justice *Story*, in giving the judgment of the court, says, " the party demurring is bound to admit as true not only all the facts proved by the evidence introduced by the other party, but also

all the facts which that evidence may legally conduce to prove."

We are aware that in a later case, the *U. S. Bank* v. *Smith*, 11 Wheaton, 174, Mr. Justice *Thompson* makes some general remarks which cannot be reconciled with the above definite and precise rule. He says, that by " a demurrer to the evidence, the court in which the case is tried is substituted in the place of the jury. And the only question is, whether the evidence is sufficient to maintain the issue." Again, he says, " under certain circumstances, a jury would be authorized to draw all inferences from the testimony given, that would not be against reason and probability. And the court, upon a demurrer to the evidence, will draw the same conclusions that the jury might have drawn." These propositions, if not very loose, are more general and comprehensive than the decision required. They did not relate to the principal points in the case, and we are constrained to think were not well considered. They seem to us to confound the relative functions of court and jury, and to break down distinctions important to the harmonious action of the different branches of the judiciary. Not a single authority is cited in support of this doctrine, and we cannot think it received the deliberate approbation of that most learned court. Because we find, that at the same term, in a case decided two weeks later, the same subject came directly before the court, and was fully considered and the rules relative to it very explicitly laid down in a learned and elaborate opinion by Mr. Justice *Story*. It is unnecessary to add that they are wel sustained by a reference to authorities.

In this case, *Fowle* v. *Common Council of Alexandria*, 11 Wheaton, 320, the learned judge says, " It is no part of the object " of a demurrer to evidence " to bring before the court an investigation of the facts in dispute, or to *weigh* the force of testimony, or the presumptions arising from the evidence. That is the proper province of the jury. The true and proper object of such a demurrer is to refer to the court the law arising from the facts. It supposes, therefore, the facts to be already ascertained and admitted, and that nothing remains but for the court to apply the law to those facts."

Judge *Gould* expresses the same doctrine in a little differ-

ent language.    He says, § 47, " The object of a demurrer is
to bring in question on the record, the *relevancy* of the evi-
dence on one side, and to make the question of its *relevancy*,
the sole point on which the issue in fact is to be determined."
He adds, § 51, " that evidence is always relevant to any issue
which it conduces *in any degree* to prove.    And as its rele-
vancy is the only point of which the court can judge, it follows,
that it can never be safe for a party to demur to evidence which
is clearly *relevant* to the whole issue, viz. which clearly con-
duces *in any degree* to prove the whole affirmative side of the
issue."

The result of these authorities is, that a demurrer to evidence
admits not only all the facts directly stated in it, but also all
the facts which the evidence in any degree *tends* to prove.

Where the evidence consists of written documents or of
direct and positive testimony of witnesses, there can be no
difficulty in demurring to it and of raising the question of law
on the facts.    But where the evidence is circumstantial or un-
certain, leaving much to inference and presumption, it is not
easy or safe to frame a demurrer upon it, or a rejoinder there
to.    It will not be sufficient to demur to the evidence generally
and leave the court to ascertain what it tends to prove, or what
inferences may be drawn from it.    But in reciting the evi-
dence, in the demurrer, the party demurring must state dis-
tinctly the facts which the evidence tends to prove, and which
he thereby admits, that the court may readily perceive the
facts upon which they are to decide.

Judge *Gould*, adopting the language of Lord Chief Justice
*Eyre*, says, " where the evidence is circumstantial, the party
demurring must distinctly admit upon the record every fact and
every conclusion, in favor of the opposite party, which the evi-
dence conduces to prove ; otherwise he is not bound to join in
the demurrer, because without such admission the *weight* as
well as the *relevancy* of the evidence would be referred to the
court."

And Mr. Justice *Story*, in the case before cited, uses this
language ; " no party can insist upon the others joining in the
demurrer, without distinctly admitting, upon the record, every
fact and every conclusion, which the evidence conduces to
prove."    This is exactly the doctrine of *Gibson* v. *Hunter*.

Now in the case at bar, the defendants demur generally to evidence, which is circumstantial, loose and indeterminate. And so far from reciting the facts and conclusions which the evidence tends to prove, and which they intend to admit, they refer generally to all the evidence as it exists in the form of depositions, consisting of a great variety of interrogatories and cross interrogatories, and the answers to them, which are neither direct and positive nor consistent. This we think to be clearly irregular. To quote again the language of Judge *Story,* " the defendants have demurred, not to facts but to evidence of facts, not to admissions, but to mere circumstances of presumption."

The evidence offered in this case tends to show, and undoubtedly does show, that the brig insured, in a squall, (not a severe one to be sure,) ran upon a coral reef and was totally lost. This proof, by itself, clearly would support the plaintiffs' action. But the defendants contend that the testimony of the same witnesses tends to show, that the vessel was run on shore intentionally or through the gross incapacity of the master. Now these are distinct substantive facts, which the defendants wish to establish. It is true the evidence tends strongly, very strongly, to prove them. But the defendants cannot avail themselves of these grounds of defence on a demurrer to the evidence. If the plaintiffs' evidence does not show a *primâ facie* case, the defendants may demur. But if they wish to set up any facts in defence, they must resort to the jury to have them established. The depositions introduced by the plaintiffs were taken by the defendants, and thus the facts may be presented in an order and a form most favorable to the latter. The defendants too, by demurring, admit the facts which the evidence conduces to prove for the plaintiffs, and cannot avail themselves of such as it tends to show for the defendants. The plaintiffs, by joining in the demurrer, did not admit the truth of that part of the testimony which is favorable to the defendants, much less any inferences which may be drawn from it. If the defendants wish to set up any facts to exonerate or discharge them, they must look to the jury to establish them. The Court cannot examine, compare and weigh the different parts of the evidence. It would be performing a duty which the

law has not imposed upon them, and which they uniformly re-fuse to accept from the agreement of the parties themselves.

Without going into a further examination of the evidence, we are fully convinced that the demurrer was not properly tender-ed, that the evidence did not present a proper case for a de-murrer, that the plaintiffs ought not to have joined in it, but to have prayed the judgment of the court whether the defendants should be admitted to it.

The Court have an important discretion in allowing or disal-lowing demurrers to evidence. Although a demurrer is a mat-ter of right and the opposite party may be compelled to join in it, when properly presented, yet he should always be careful to see that it contains the proper admissions before he joins in it. On the whole, we are satisfied, that the demurrer was ten-dered and joined without fully examining and duly considering the nature and effect of the measure.

And we think, not as Lord Chief Justice *Rolle* said, " that both parties have misbehaved themselves," but in the language of the Supreme Court of the United States, " that the de-murrer has been so incautiously framed, that there is no man-ner of certainty in the state of facts upon which any judgment can be founded. Under such a predicament, the settled prac-tice is, to award a new trial, upon the ground that the issue be-tween the parties has not been tried." This was done in the analogous cases of *Wright* v. *Pindar*, and *Gibson* v. *Hunter*, by the House of Lords, and in *Fowle* v. *Common Council of Alexandria*, by the Supreme Court of the United States.

*Venire facias de novo awarded.*