By the Court, Bronson, J.
On this demurrer, every conclusion which the jury would have been warranted in drawing from the evidence must be considered as admitted; and if the cause had not been withdrawn from the jury, and they had found a verdict for the people, we certainly should not have set it aside. Proof that the defendant was the master of the boat, not only during the season, but on the particular day—especially in the absence of any rebutting evidence—was sufficient to carry the cause .to the jury; and that is enough.
Judgment for the people.(a)

 For the form of a demurrer to evidence, and joinder therein, see Burrill’s Pr. 91 to 93; Tillingh. Forms, 181. And as to the practice, at the trial and afterwards, see Grah. Prac. 308, 9, 2d ed.; Rules of Sup. Ct. (revision of 1837,) Nos 38, 39, 79 ; Trials Per Pais, 560 et seq.; Anth. N. P. 79, note (a).
The true and proper office of a demurrer to evidence is, to refer to the court the law arising upon the facts. Regularly, therefore, where there is testimony in the case of a doubtful, conflicting or circumstantial nature, every fact and conclusion which it tends to establish as against the party demurring, must be distinctly admitted by him before the other party can be compelled to join in demurrer. (Gibson v. Johnson, &c. 2 H. Bl. 187. Wright v. Pindar, Alleyn, 18. Anth. N. P. 79, 80, note (a). Per Story, J. in Fowle v. The Common Council of Alexandria, 11 Wheat. 320, 321. Young v. Foster, 7 Porter, 420. Curry v. The Bank of Mobile, 8 id. 360. See also Young v. Black, 7 Cranch, 565, 568. Maus’ lessee v. Montgomery, 11 Serg. & Rawle, 329. Duerhagen v. The United States Ins. Co. *472 2 id. 187.) Indeed, the cause made by a demurrer to evidence is in many respects like a special verdict; which must state facts, and not the mere evidence of them. It should admit whatever the jury might reasonably infer from the evidence. (Fowle v. The Common Council of Alexandria, supra.) And if a party will in this way take the question from the jury, the court will not be scrupulously nice in adjusting the balance of the evidence, but quite liberal in their inferences from the testimony as against such party. (Bank of the United States v. Smith, 11 Wheat. 171. McGehee v. Greer, 7 Porter’s Rep. 537, 540. Patrick v. Hallett, 1 John. Rep. 241.) It is true, forced and violent inferences should not be allowed; (Pawling v. The United States, 4 Cranch, 219, 222; Hansborough’s ex’rs v. Thom, 3 Leigh’s Rep. 147; Stephens v. White, 2 Wash. Rep. 203, 210;) but any inference which the jury might with the least degree of propriety draw from the evidence, is to be conceded. (Dickey v. Schreider, 3 Serg. & Rawle, 413, 416.) The evidence being loose and uncertain, the party offering it may state what he wishes to have admitted, and the demurrant should then admit all that the evidence conduces to establish, before the other side is compelled to join in demurrer. (Duerhagen v. The United States Ins. Co. 2 Serg. & Rawle, 185, 187.) If one fact tends to the induction of another, the last fact should be also expressly conceded. (Id. per Tilghman, C. J.)
But where the party against whom the demurrer is interposed joins therein, without insisting on these admissions as a preliminary, the court will proceed and draw the same inferences against the demurrant which the jury might have drawn; and if upon any view of the facts the jury might have rendered a verdict against him, the court will give judgment accordingly. (Thornton v. The Bank of Washington, 3 Peters' Rep. 36. Chinoweth et al. v. Haskell’s lessee, 11 id. 92. Columbian Ins. Co. v. Catlett, 12 Wheat. 383, 389. United States Bank v. Smith, 11 id. 171,179. Patrick v. Ludlow, 3 John. Cas. 10, 14, 15. Forbes v. Church, id. 159, 160. Lewis v. Few, 5 John. Rep. 1, 34. Ross’ lessee v. Eason, 4 Yeates' Rep. 54. Steinbach v. Columbian Ins. Co., 2 Caines' Rep. 129, 134. Smith v. Steinbach, 2 Caines' Cas. in Err. 158, 171. Wheelwright v. Moore, 1 Hall’s R. 207. Lowry v. Mountjoy, 6 Call’s Rep. 55. Snowden v. Phoenix Ins. Co., 3 Binn. Rep. 457. Pawling v. The United States, 4 Cranch, 219. M’Gehee v. Greer, 7 Porter’s Rep. 537.) Though held, in Fowle v. The Common Council of Alexandria, (11 Wheat. 320, 323,) thpt if there be a joinder without such admissions, leaving the facts loose and indeterminate, it is a sufficient reason for refusing judgment upon the demun'er, and for awarding a new trial. (See also Gibson v. Johnson, &c. 2 H. Bl. 187, 209 ; Wheelwright v. Moore, 1 Hall’s Rep. 201; Per Omond, J. in Lea v. Branch Bank of Mobile, 8 Porter’s Rep. 119, 123; Gazzam, &c. v. Bank of Mobile, 1 Alab Rep. 268, new series.)
The better opinion seems to be, that a bill of exceptions will not lie for the court’s refusing to compel a party to join in demurrer: it being matter resting mainly in discretion. (See Young v. Black, 7 Cranch, 565. But see Anth. N. P. 79, note (a).)
In this state, a demurrer to evidence is a proceeding inapplicable to a justice’s court. (Reynolds v. Bedford, 3 Caines’ Rep. 140.)