## Mobile & Ohio Railroad Co. *v.* James McArthur.

1. Demurrer to Evidence.—It is the peculiar office of a jury to find the truth of facts, and judge of the credibility of witnesses, and it would, therefore, be a misapplication of a demurrer to evidence to refer questions of fact to the court; the demurrer to evidence is an admission of all the facts which the evidence tends to prove, and which, from the evidence, the jury might find for the other party.

2. Same.—If the evidence be vague, loose, uncertain, conflicting, existing in parol—it is an improper case for demurrer to evidence, and the opposite party ought not to be compelled to join in demurrer. And the demurrer ought not to be allowed, unless the evidence be stated in the form of facts proved, so as to limit the court to the legitimate function of merely applying the law to the fact so stated.

3. Same.—Demurrer to evidence being purely a common law proceeding, it must be applied to our jurisprudence with all its common law analogies.

4. Judgment on Overruling Demurrer to Evidence.—Whenever, as is the case in many actions *ex contractu,* on default, final judgment may be rendered, a writ of enquiry will be unnecessary upon the overruling of the demurrer to evidence; but in actions *ex delicto,* though the tort grew out of a breach of duty, as in this case, the only safe practice is to assess the damage by a jury.

5. Same—Case in Judgment.—In an action *ex delicto* for damages, the circuit court having overruled a demurrer to the evidence, signed judgment for the total amount sued for. This is held to be error. There should have been a writ of enquiry and a jury to assess the amount of damages.

6. Liability of Railroad Company to Passenger on Freight Train.—A passenger on a freight train which was not regularly, but only occasionally used to carry passengers, paid his passage money; the train carried him five miles beyond his destination; put him off at another station; he had to walk back to his destination; he had chronic rheumatism, and was exposed to the weather; *Held,* on demurrer to the evidence, that the passenger was entitled to recover.

Error to the circuit court of Clarke county.    Leachman, J.

The plaintiffs in error assigned the following errors:

1st. The court below erred in overruling the demurrer to the evidence of the plaintiff below.

2d. In overruling the demurrer the court erred in rendering jugment final for ten thousand dollars, without reference to a jury to assess the damages.

3d. The court erred in overruling the motion of defendant below, to set aside the judgment of the court.

*Johnston & Johnston,* for plaintiff in error.

Defendant in error sued for damages, alleging that plaintiff in error, as common carriers, had damaged him by carrying him five miles beyond a depot to which he had taken

passage. Defendant below offered no proof, but demurred to the evidence of the plaintiff. The court overruled the demurrer, and entered final judgment against the railroad company for $10,000, the amount of damages claimed, without any assessment by a jury.

The court below erred, first, because the demurrer to evidence should have been sustained; second, that even if that demurrer had been properly overruled, the final judgment of the court, without the verdict of a jury fixing the amount of damages, was contrary to the well established practice in such cases. As to the sufficiency of the evidence, we ask the attention of the court to these facts: 1st. There is no evidence that the railroad company were common carriers. 2d. There is no evidence of a contract to carry the plaintiff below from Enterprise to Quitman. It is merely shown that plaintiff, without buying a ticket, got on the freight train and named Quitman station as his point of destination, and handed his fare to the conductor, after the train was in motion. 3d. It does not appear that the railroad company had authorized passengers to travel on the freight train. 4th. It is not shown that the omission to check the train at Quitman was an act of negligence on the part of the conductor.

Upon our second proposition we submit: that demurring to evidence is a well settled practice, governed by well defined rules, and may be adopted at the pleasure of the party. The case on demurrer overruled, where damages are unliquidated, should be submitted to a jury to assess the the damages, and that the court cannot render final judgment. 2 H. Bl. Rep., 187. On overruling a demurrer to evidence, the court will, if they can, give judgment final for the plaintiff; otherwise, a *venire de novo* must be awarded to assess damages. 2 Tidd's Prac., 3 Am. ed., 866. On overruling a demurrer, the practice is to submit the case to the jury then empaneled, or that a writ of inquiry be awarded for another, to assess damages. Humphreys, admr., v. Wests, admr., 3 Randolph, Va., 516. See also, Obaugh v. Finn, 4 Pike, 110; Goodman et al. v. Ford, 23 Miss., 592.

And the decisions of our own appellate court are in accordance with the foregoing. Hall v. Browders, administrator, 4 How., 224.

*S. Evans,* on same side.

The evidence shows that the plaintiff got on the train at Enterprise, paid the conductor the fare to Quitman, and that the train did not stop to put him off there, but carried him to DeSoto, five miles further. No proof of injury or special damage. Defendants demurred to the evidence; demurrer was overruled, and judgment given for the whole amount claimed—ten thousand dollars. In this we think the court erred. To entitle plaintiff to recover he should have shown that the defendants were common carriers of passengers by their freight trains. This they failed to do. He only proved· that on two or three occasions the witnesses, Smith and Chandler, had been permitted to ride on the freight trains. There is no proof that the defendants were in the habit of carrying passengers on their freight trains. Without this proof, the defendants were not liable as common carriers of passengers. Pierce on Am. R. R. Law, p. 484.

2. Again, the court erred in rendering the final judgment for the whole amount of the damages in the declaration without the verdict·of a jury. By the demurrer the court was required to declare the law upon the facts shown in evidence. 2 Stephens' Nisi Prius, p. 1791; 1 Saunders on Pl. and Ev., 494–496; 1 Phil. Ev., 313; Copeland v. New Eng. Ins. Co., 22 Pick., 135. On overruling the demurrer, the court should have awarded a writ of inquiry. Gibson & Johnson v. Hunter, 2 Henry Bl. R., 209; 1 Tidd's Prac., p. 517; 2 ib., 795; Herbert v. Walters, 1 Ld. Raymd., 60; Cort v. Birbeck, Douglass, 223; 2 Stephens' Nisi Prius, p. 1792–3; 1 Saunders' Pl. and Ev., p. 496; 1 Phil. Ev., p. 315.

*Harris & Withers,* for defendant in error.

The only point in this case is whether the court should have ordered a jury to assess the damages after judgment on the demurrer to evidence. The action is not characterized by the terms employed by the pleader, to designate the class

to which it belongs, as at common law, but the declaration is a faithful compliance with article 78, p. 491, of the Code, and states the facts on which the complaint is grounded, with rigid brevity.

All actions for breach of duty by common carriers, state a contract and a breach, but the breach may consist in acts which amount to positive wrong, and justify an action for tort; and of this character is the breach alleged in this case and clearly proved. The declaration alleges that, after agreeing to carry the plaintiff to Quitman, the defendant, though requested to stop his train, refused, and *caused* the defendant to be carried, against his will, five miles beyond Quitman, where he was compelled to get off in the night in order to return to the place of his destination. The writ describes the action as trespass, and trespass it was of a most flagrant character. The plea is, not guilty, and it constituted a case on the pleadings and the evidence, in which the jury might properly give exemplary damages as well as those actually sustained by pecuniary loss. There was a wilful breach of contract and of duty, accompanied by a positive wrong, entailing great personal inconvenience, exposure, and suffering. This gives a right of action and entitles him to judgment.

The court in cases of a demurrer to evidence, is bound to assume as proved, everything the evidence *tends* to prove. The question of *credibility* of the witness is raised by the demurrer, and there can be no balancing of probabilities. The jury would have been warranted in taking the statement of the witnesses most favorable to the plaintiff. On McArthur's statement, he was compelled to go beyond his station and encounter a walk of five miles, in the night, inflicting great bodily suffering. In order to obtain redress, he was compelled to incur pecuniary expense. It matters not that it was the freight, instead of a passenger train. If the company chose to employ freight trains in transporting passengers, they incurred all the responsibilities incident to carrying passengers in passenger trains.

The only question, therefore, is, whether the court below erred in rendering judgment for the amount claimed in the declaration. If this be error, then this court will reverse the judgment and render a judgment that the plaintiff recover his damages, " and because the court is not informed what these damages are, it is ordered that a jury come to inquire of the same." At common law, the court might retain the original panel, or order a new jury, to fix the damages in such cases. But whether this practice is applicable to a case where there was not only evidence of a wrong, but also of special damage, and whether that court is bound to send the case to a jury, is not settled, at least, by our adjudications.

The plaintiff made out his case on an issue made by the defendant, who, unwilling to risk the jury, forces the withdrawal of the case from the jury to which he appealed, and finding the court adverse to him, asks to be allowed to go back to the jury. Our statutes provide for a waiver of the trial by jury, and the demurrer to the evidence is a distinct waiver of a jury, and a submission to the court; and there is no provision for getting the case back to a jury. Rev. Code, 505, arts. 167–8.

On the general subject, see the observations in 2 Tidd (note A), p. 865, last edition; 1 Tidd, 575; Graham's Practice, 308–9.

Simrall, J.:

James McArthur sued the Mobile and Ohio Railroad Company to recover damages on the following state of facts : McArthur, about 8 or 9 o'clock at night, went aboard the freight train of the company, at Enterprise, as a passenger, and paid his passage to Quitman, where he was to get off. The train did not stop at Quitman, and he was carried down the road five miles further, and walked back, through the rain, to Quitman, arriving there about 12 or 1 o'clock, at night. McArthur was subject to chronic rheumatism. The Mobile and Ohio Railroad Company pleaded not guilty. Upon which issue the case was put to the jury. After the plaintiff,

McArthur, had advanced all of his testimony, the company demurred to the evidence, in which the plaintiff joined. The court decided the demurrer in favor of the plaintiff below, and awarded damages to the amount of $10,000, the sum claimed in the declaration. The company moved to set'aside this judgment, because the court ought to have rendered judgment on the demurrer, in its favor; or second, ought to have awarded a writ of inquiry to have been executed by the jury, etc. Which motion was overruled.

These several rulings are made the grounds of the assignment of errors in this court. The practice of demurring upon the evidence, seems to be on the increase. This is the second case of the sort submitted at this term of the court. We have felt it to be our duty, in order to a correct solution of this case, to look somewhat closely at the principles on which this demurrer rests.

A demurrer to evidence is a proceeding by which the judges, whose province it is to determine questions of law, are called upon to declare what the law is upon the facts in evidence, and it is analagous to the demurrer upon the facts alleged in pleading. 1 Phil. Ev., 313; Gibson v. Hunter (House Lords). The court passes on the admissibility of evidence. But it is the exclusive province of the jury to say how far it conduces to prove the facts that are to be ascertained. When the fact is found whether it maintains the issue joined, or, in other phrase, whether the law arising on the fact, is in favor of the one or the other party, becomes a question for the judges to decide. Ordinarily the court declares what the law is on a state of facts, and the jury return a general verdict compounded of law and facts. If a party wishes to withdraw from the jury, the application of the law to the fact, and the danger or risk of a misapplication, he demurs in law upon the evidence. Its effects is much the same as a special verdict, and perhaps would not be resorted to, if the jury would be compelled to find a special verdict. It is the peculiar office of the jury to find the truth of facts, and to judge of the credability of witnesses. It would be a

misapplication, therefore, of a demurrer to evidence, to refer such questions to the court. The demurrer must admit the truth of all facts, which the jury might find in favor of the other party. This subject was carefully considered by Mr. Justice Story, in Fowle v. Common Council of Alexandria, 11 Wheaton, 322. He said : " It is no part of the object of such proceeding to bring before the court, an investigation of the facts in dispute, or to weigh the force of testimony, or the presumptions arising from the evidence. That is the province of the jury. It supposes the facts to be already admitted, and that nothing remains, but for the court to apply the law arising from the facts." In the earlier case of Young v. Black, 7 Cranch, 568, the same most accurate and learned jurist, said : " The party demurring is bound to admit as true, not only all the facts found by the evidence introduced by the other party, but also all the facts which that evidence legally may tend to prove."

Gould, in his treatise on Pleading, states : " The object of the demurrer is to bring in question on the record, the *relevancy* of the evidence on one side, and to make the question of its relevancy the sole point on which the issue in fact is to be determined." He adds : " It can never be safe for a party to demur to evidence which clearly conduces *in any degree*, to prove the whole affirmative side of the issue." § 47. Mr. Justice Story, in one of the cases cited, declared, " No party can insist upon the other's joining in the demurrer, without distinctly admitting upon the record *every fact* and every *conclusion* which the evidence *conduces* to *prove*."

The supreme court of Massachusetts made a thorough examination into this doctrine, in the case of Copeland v. New England Ins. Co., 22 Pick., 138. The court say : " It is a mistaken view to suppose it leaves it to the court to draw inferences from circumstances proved, and to judge of the weight of the evidence, which would be trenching upon the province of the jury." It is " essentially a demurrer to the facts shown in evidence."

In Wright v. Pinder, Style, 34, reported also by " Alayn, 18,

Ch. Jus. Rolle says, " Matter of fact ought to be agreed in a demurrer to evidence, otherwise the court cannot proceed upon the demurrer, for judges cannot try matter of fact, for that were for the judges to give the verdict which belongs to the jury to do." If the testimony be vague, loose, uncertain, conflicting, existing in parol, according to all the authorities, it is an improper case for the demurrer upon evidence, and the opposite party ought not to be compelled to join in it. It is also in consonance with authority and reason, that the demurrer ought not to be allowed unless the evidence be ·stated in the form of facts proved in the cause, so that the court will be confined to its legitimate function of pronouncing the law, simply, arising on the facts. The arguments mainly addressed to us by the counsel for plaintiff in error was, that the Mobile and Ohio Railroad Company were only ·carriers of passengers on their passenger trains, and inasmuch as McArthur rode on the freight train, the defendant in the circuit court did not incur, as to him, the full measure of duty and responsibility of a common carrier of passengers. The argument proves the unfitness of the demurrer upon the evidence in this case. If a contest were to be made on this point, the case ought not to have been withdrawn from the jury. It is incompetent for the court to look into the testimony, to see whether it may fairly be inferred that the company permitted passengers to travel on their freight trains. The testimony of Col. Chandler was, however, that for the last year or more, passengers had been carried on the freight train, though prior thereto, it had been forbidden by the company. The evidence *tended* to show that McArthur was received as passenger, for hire, on the freight train, with consent of the company, and that thereby they engaged to put him at his point of destination. Pierce on Railroads, 484, Murch v. Concord R. R. Co., 9 Foster, 42.

The court was warranted in accepting as *fact*, all that testimony *tended* to prove. The testimony tending to prove that the company carried passengers on their freight, as well as their passenger trains, it was under a duty to put McAr-

thur off the train at Quitman, his place of destination; and tending also to show that it failed to do so, from the neglect and inattention of its agents and servants, it was the duty of the court to consider as "*proved facts*" in the cause, everything the testimony tended to prove. It would follow, therefore, that the evidence sustained the cause of action set out in the declaration.

2d. The proper judgment to have been rendered, was that the plaintiff recover his damages, by him sustained, by reason, etc., but because the damages are unknown to the court, a writ to inquire, etc., ought to have been awarded. The English practice is, if the demurrer is allowed, the jury proceed to assess the damages conditionally, or afterwards, if judgment be given for the plaintiff on the demurrer, they may be assessed by another jury upon a writ of inquiry. 1 Douglas, 222. The latter course is the more usual. Cro. Car., 143; Herbert v. Walters, 1 L. Ray., 60; Brampton's case, 1 Rolle Rep., 272; 2 Tidd's Practice, 866.

The practice in England was not to allow the demurrer, except where it was supposed the facts proved did not support the issue, and it was desired to refer that, as a question of law, to the court. If the court decided that the facts did support the issue, then it was referred to the jury to assess the damages. This being purely a common law proceeding, we must apply it in our jurisprudence, with all its analogies. In many actions *ex contractu*, wherever on default, a final judgment may be rendered, a writ of inquiry would be unnecessary. But in actions *ex delicto*, although the tort may grow out of a breach of duty, as in this case, we think the only safe practice is to assess the damages by the jury. The judgment of the circuit court is correct, so far as it adjudges that McArthur had sustained, by the evidence, his cause of action, but was erroneous in so far as it assessed the damages. We have no doubt, that we would be fully sustained by authority and reason, if we should reverse the judgment and award a *venire facias*, because the evidence is set out on the record as delivered by the several witnesses, leaving it

to the reason of the judge to deduce what facts are proved; whereas, all the facts established by the evidence should have been stated, so that the judge would not have been obliged to perform any part of the office of the jury, in weighing, inferring, and ascertaining what was proved. But as for reasons given, the testimony sustained the cause of action, we have concluded to give the defendant in error the benefit of the judgment in his favor that far, and as the evidence is already in the record, the case can be finally disposed of in the circuit court, without again calling the witnesses.

We, therefore, reverse that portion of the judgment awarding damages, and direct that the cause be remanded, with directions to submit the case on the evidence in the record to a jury, to assess the damages, etc.