JAMES WARE ET AL. *v.* WILLIAM B. McQUILLAN.

1. DEMURRER TO EVIDENCE. *Its nature and effect.*
   A demurrer to evidence, being to the facts proved, which it admits, raises the question whether they are sufficient to maintain or to bar the action.

2. SAME. *Must contain the facts in proof.*
   The demurrer should set out, not the evidence, but the proof supporting the declaration or the matter in bar.

3. Same. *Action of court where facts not stated therein.*

In the absence of a direct statement on the record of the facts proved, the court will decline to entertain and give judgment on the demurrer.

4. Same. *Lies to parol proof.*

Formerly the party adducing parol evidence was not bound to join in a demurrer thereto; but now the demurrer is allowed to any kind of evidence.

5. Same. *How taken to certain and direct parol evidence.*

By entering the parol evidence (if certain and direct in support of the issue) on the record, with an admission that it is true, either party may demur, and his adversary will be obliged to join in it.

6. Same. *Case in judgment.*

Where the declaration gives William B. M. as the defendant's name, while the bill of particulars filed with it and sued on is against W. B. M., if the proof shows that the goods sued for were sold to W. B. M., there is not a variance which can be availed of by a demurrer to the evidence.

7. Same. *Not applicable to cases of variance.*

Under § 623 Code 1871, when objection to a variance is made, unless the party is actually misled, an immediate amendment can take place, and the adverse party can object to joining in a demurrer to evidence on such ground.

8. Same. *Judgment in Supreme Court on reversal.*

Where the plaintiff has made affidavit to his account, under § 782 Code 1871, and the defendant has filed no counter affidavit, on producing the account and affidavit in evidence to the jury the plaintiff is entitled to verdict; and if the defendant demurs to the evidence, and the Circuit Court gives judgment for him, this court, on error, will reverse the judgment, and render one for the plaintiff.

Error to the Circuit Court of Sharkey County.

Hon. B. F. Trimble, Judge.

*W. D. Brown* and *Marshall & Miller,* for the plaintiffs in error.

1. By inadvertence, questions are sometimes not asked a witness, which would bring out answers that would make the case plain. A motion for instruction, as in case of nonsuit, enables the adverse party to correct such mistakes. A demurrer to evidence does not, and frequently results in wrong, unless rigidly restrained. Bac. Abr. tit. Pleas and Pleadings, Demurrer to Ev. 7. This has led to the rule that the demurrant admits every thing which the evidence tends

2

to prove.  *Pawling* v. *United States*, 4 Cranch, 219 ; 2 Wash. 210 ; *Mobile & Ohio Railroad Co.* v. *McArthur*, 43 Miss. 180.

2. The evidence clearly conduced to prove that W. B. McQuillan was William B. McQuillan.

3. On reversal, judgment for the plaintiffs should be entered here.

*Buck & Clark*, for the defendant in error.

1. The law takes no notice of initials ; a man's Christian name must be stated.  Bac. Abr. Misnomer (B), 1 ; Tidd's Practice, 148 ; Code 1871, § 579 ; *Blackwell* v. *Reid*, 41 Miss. 102 ; *Unger* v. *State*, 42 Miss. 642.

2. Proof of a demand against W. B. does not legally tend to prove a demand against William B.  *Bennett* v. *Libhart*, 27 Mich. 489.

3. A demurrer to evidence admits only what the evidence legally tends to prove, and does not admit forced and violent inferences.  4 Cranch, 219 ; 7 Cranch, 568.

SIMRALL, C. J., delivered the opinion of the court.

The point attempted to be raised by the demurrer to the evidence is, that testimony that the goods were sold and delivered to *W. B. McQuillan* does not support the allegation that they were sold and delivered to *William B. McQuillan*. With the declaration, which charged the indebtedness of William B. McQuillan for goods sold, was filed an open account, headed " *W. B. McQuillan* in account with James Ware & Co."  Was this a proper demurrer to evidence ; and if it was not, what was the duty of the Circuit Court with respect to judgment, notwithstanding the plaintiff joined in it?

A general demurrer to a pleading is a demurrer to the facts shown in the pleading, and raises the question whether they are sufficient in law to maintain or abate or bar the action. A demurrer to evidence is a demurrer to the facts shown in evidence, and raises precisely the same question, whether the evidence is sufficient to maintain or bar the action.  Gould's Pleadings, c. 9, § 48.  It is not admissible to state in a pleading the evidence which proves or conduces to prove the cause of action or the plea.  So, also, in a demurrer to evidence, it

would be equally faulty to set out the evidence which had been put before the jury to support the declaration or the matter in bar. Whether testimony is relevant or not is a question of law ; whether it is sufficient or not is a question for the jury. The court, if it should assume to investigate the evidence of facts, or presumptions arising thereon, would encroach on the province of the jury. It ought, therefore, in every instance, to decline to entertain and give judgment on the demurrer, unless there is a direct statement on the record of the *facts proved.* As was properly said in *Fowle* v. *Common Council of Alexandria,* 11 Wheat. 320, 322, the demurrer " supposes, therefore, the facts to be already admitted and ascertained, and that nothing remains but for the court to apply the law to those facts." In an early case, *Wright* v. *Pynder,* Style, 34, s. c. Aleyn, 18, Roll, J., said : " Matter of fact ought to be agreed in a demurrer to an evidence ; otherwise, the court cannot proceed upon the demurrer ; for the judges cannot try the matter in fact, for that were for the judges to give the verdict, which belongs to the jury to do." See *Mobile & Ohio Railroad* v. *McArthur,* 43 Miss. 180, 186.

According to the old practice, where the party exhibited written evidence, as a bond, deed of conveyance or record, in support of his right, the demurrer could be interposed, because there was no danger of a variance. But if the evidence in support of the issue was parol, the party adducing it was not bound to join in the demurrer. The later practice allows the demurrer to any kind of evidence. If parol evidence, adduced in support of the issue, is certain and direct, the adverse party, by entering the evidence on the record, together with an admission that it is true, may demur, and his adversary will be obliged to join in it. The reason is, that the admission of the truth of the evidence, which is certain and direct, is an admission of the facts affirmed by it. Com. Dig. Pleader, Q., 10 ; Gould's Pleadings, c. 9, § 63.

The demurrer, in this case, does not contain an admission of the facts, but recites the testimony of James Ware, one of the plaintiffs, and the only witness, which affirms the facts explicitly, certainly and directly. The real objection to the testimony is in the nature of a variance ; that is to say, that the

testimony showed that the account was due and owing by
*W*. B. McQuillan to the plaintiffs; but it was not shown that
he is the same person as *William* B. McQuillan.    The dec-
laration contains this statement: " And herewith plaintiffs file
their bill of particulars, marked Exhibit A."    The witness
stated that this account (the same filed with the declara-
tion) was correct.    The indebtedness of *William* B. McQuil-
lan is averred to be for goods and merchandise, and the
particulars are filed with it.    Under the statute, the plaintiffs
could not prove any other indebtedness than that specified in
the bill of particulars.    The heading of the account might
have been altogether omitted, and still the items of the ac-
count would constitute the subject of the indebtedness, and
might have been proved on the trial.    One of the causes of
demurrer to the declaration in *Robertsons* v. *Banks*, 1 S. & M.
666, 670, was, that the plaintiff was not the same person called
M. H. Banks in the note sued on.    It was held that a mere
variance could not be reached by demurrer to the declaration.
The case of *Cantley* v. *Hopkins*, 5 Stewart & Porter, 58, is
very much like this.    The plaintiff complained of " John Cant-
ley," and then proceeded to set out the note of the " defend-
ant," being the note offered in evidence, signed " J. Cantley."
The court said that here certainly was no discrepancy.    So
here *William* B. McQuillan is complained of as indebted for
goods sold, as by bill of particulars filed.    There is no more
discrepancy in the heading of the account *W*. B. McQuillan
than in the note *J.* Cantley.    One was charged as debtor for the
goods specified in the account; the other on account of the note.
Moreover, the plaintiffs having made affidavit to the account, as
provided in § 782 Code 1871, on producing the account and affi-
davit in evidence to the jury, were entitled to verdict.    There
was no counter affidavit.    See Act March 6, 1875; Acts 1875,
p. 161.    Again, the statute (Code 1871, § 623) declares that no
variance between the allegation in a pleading and the proof
shall be deemed material, unless it shall have actually misled
the adverse party; and where it shall not be shown that such
has been the effect, an immediate amendment may be made.
Such objection must be made, so that an immediate amend-
ment may be had, if necessary.

The plaintiffs might have objected to joinder in the demurrer, but did not. In view of the statutes referred to, and the evidence as affected by them, we reverse the judgment, and give judgment here for the plaintiffs.

*So ordered.*