WESTERN ASSURANCE COMPANY *v.* THEODORE MAYER.

1. DEMURRER TO EVIDENCE. *Stating evidence and not facts. Effect.*
   A demurrer to evidence, which sets out at length the evidence adduced and devolves upon the court the duty of drawing inferences and conclusions from testimony susceptible of different constructions, and relating to a material matter, is an improper pleading, and one upon which issue should not be joined or judgment rendered.

2. SAME. *What to contain and what not to contain.*
   A demurrer to evidence should not detail the evidence as presented to the jury, but should state and admit every fact which the evidence tends to prove, and leave the court nothing to do but to apply the law to the facts admitted.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

Theodore Mayer brought this action of assumpsit against the Western Assurance Company, on a certain policy of insurance issued by it in his favor, on a storehouse which was destroyed by fire. The defendant denied liability, on the ground that at the time of issuance of the policy and for a period of more than thirty days thereafter, but previous to the loss, the storehouse was not occupied by any person, contrary to the stipulations of the contract

of insurance. Issue was taken, and on the trial the plaintiff introduced his evidence. Thereupon defendant demurred to the evidence, and by its demurrer set out in detail the evidence as presented before the jury, consisting of the policy, the testimony of plaintiff, and certain letters written after the loss by defendant's local agents to its general agent, and concluded with the usual form of conclusion of a demurrer to evidence.

The court overruled the demurrer and gave judgment for the plaintiff, whereupon the defendant appealed.

*Shelton & Crutcher*, for the appellant.

*R. S. & L. N. Buck* and *Catchings & Dabney*, for the appellee.

Counsel on both sides filed elaborate briefs on the merits of the case, but as they contain nothing on the point considered and decided by this court, they are omitted from this report.

*T. C. Catchings*, of counsel for the appellee, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

We have experienced much difficulty in disposing of this case, on account of the peculiar manner in which it is presented. On a demurrer to evidence, nothing should be left for the court to do, but to apply the law to the facts which are admitted to be proved. Much more was required of the court in this case. It was devolved upon the court, to draw inferences and conclusions from testimony reasonably susceptible of different constructions, and to decide whether the house was insured as a vacant house or not, and whether the statement made in the application for its insurance, in regard to its being occupied, was, under the circumstances, the act of the insured or of the insurer.

Appellant's demurrer to the evidence states what the evidence, oral and written, was, but not what facts were proved by the evidence, or admitted by the demurrer. Indeed, it is not perceived that the demurrer admits anything, except that certain evidence, uncertain and inconclusive on some points, which is set out at length, was produced by appellee on the trial. It withdrew from the jury the determination of what the evidence proved, and sub-

mitted that question to the court. The demurrer was applied, not to facts, but to evidence of facts ; not to positive admissions, but to testimony in some respects vague and indefinite.

This was a misconception of the office of a demurrer to evidence. Appellee should not have joined issue on such demurrer, nor should he have been required to do so by the court, nor should the court have rendered final judgment on such issue.

The following propositions are deducible and taken from the authorities on the subject :

A demurrer to evidence should state facts, and not merely testimony which may conduce to prove them. It should admit whatever the jury may reasonably infer from the evidence, and not merely the testimony or circumstances which may form a basis of conclusion. It is no part of the object of such proceeding to bring before the court an investigation of the facts in dispute, or to weigh the force of testimony or the presumptions arising from the evidence. That is the proper province of the jury. The true and proper object of such demurrer is to refer to the court the law arising from facts. It supposes, therefore, the facts to be already admitted and ascertained, and that nothing remains but for the court to apply the law to those facts. No party can insist upon the other joining in the demurrer, without distinctly admitting, upon the record, *every fact and every conclusion* which the evidence *conduces to prove*. If, therefore, there is parol evidence in the case which is loose and indeterminate, and may be applied with more or less effect to the jury, or evidence of circumstances, which is meant to operate beyond the proof of the existence of those circumstances, and to conduce to the proof of other facts, the party demurring must admit the facts of which the evidence is so loose, indeterminate, and circumstantial, before the court can compel the other side to join in the demurrer. *Fowle* v. *Common Council of Alexandria*, 11 Wheat 320 ; *M. & O. R. R. Co.* v. *McArthur*, 43 Miss. 180 ; *Ware* v. *McQuillan*, 54 Ib. 703.

And if there should be such a joinder without such admission, leaving the facts unsettled and indeterminate, it is sufficient reason for refusing judgment upon the demurrer ; and the judgment, if any

is rendered, is liable to be reversed for error.  *Fowle* v. *Common Council of Alexandria, supra.*

The *judgment is reversed, the demurrer to the evidence overruled, and a new trial awarded.*