Nott, Ch. J.,
delivered the opinion of the court:
Judgment was rendered in this case on the 26th of February, 1900, in favor of the defendants (35 C. Cls. R., 199). *80 The claimants appealed and the case is pending in the Supreme Court upon appeal.
The defendants now come into this coui’t and move the court to set aside the judgment heretofore rendered in their favor and to grant a new trial thereon “under and bj1- virtue of the provisions of section 1088 of the Revised Statutes,” which authorizes the court to grant a new trial at any time within two years after the rendition of a judgment where “any fraud, wrong, or injustice in the premises has been done to the United States.”
As the judgment was wholly in favor of the United States, it can not be said that “fraud, wrong, or injustice” was done them by it. Apart from the statute, the court has no jurisdiction of the case. Jurisdiction was lost when the record of appeal was sent up. (Ex parte Russell, 13 Wall. R., 664, 670; Ex parte Roberts, 15 id., 384, 387.)
If the findings do not sufficiently present the questions of law involved, the proper course for the defendants to pursue is to apply to the Supreme Court for an order remanding the case, or requiring this court to find the additional facts; and if the Supreme Court is of the opinion that the facts sought are necessary to the proper consideration of the case, and that the defendants are entitled to have them found, relief will undoubtedly be granted. (Raymond's Case, 11 C. Cls. R., 477, 491; United States v. Adams, 9 Wall. R., 661.)
It is proper, however, to add, that if the motion be left to the discretion of this court no amendment of the findings is deemed necessary. The only point involved in the case, and the only. fact realty sought by the defendants, is a formal finding that the contract was not approved by the Chief of Engineers. We are of the opinion that that fact sufficiently appears upon the record.
In the first place, the contract is set up by the claimants and annexed to their petition. The contract so set up in its last provision says: “This contract shall be subject to approval of the Chief of Engineers, U. S. A.” The petition sets up nothing more, and leaves the presumption against the pleader, namely, that the contract never was approved.
In the second place, the case was brought before the court by the claimants’ motion to dismiss the petition upon the *81 ground “that this action is founded on a contract, a copy of which is annexed to the said petition and made a part thereof, which contains a specific provision of the tenor and effect, as follows: ‘This contract shall be subject to approval of the Chief of Engineers, U. S. A.’” The motion also avers that “ the testimony in the case fully7" and conclusively shows, and the same is not denied by the claimants, that said contract has never been approved by the said Chief of Engineers.” The defendants requested no findings of fact. The requests made by the claimants were treated by both parties as correctly setting forth the facts involved. The court accordingly adopted them without objection, treating the motion as a demurrer to the evidence, allowed it, and dismissed the petition. The motion, with its allowance by the court, is a part of the record, and sets forth the fact desired as fully as it could be done by a formal finding of the fact.
The motion of the defendants is overruled.