Hoyucsr, J.,
delivered the opinion of the court:
Plaintiff entered into a contract with the Isthmian Canal Commission for furnishing 250,000 pounds of colored cotton waste to be delivered on the Isthmus of Panama. Two distinct claims, involving two separate orders under the contract, are disclosed by the pleadings. First, a claim representing the amount of difference between the contract price and the amount allowed by defendants on 51,736 pounds of waste delivered by the plaintiff and used by the defendants. Second, a claim representing the amount charged to the plaintiff by the defendants as the excess cost of 49,911 pounds of waste purchased in the open market by defendants over the cost of the same quantity under the contract with the plaintiff.
Plaintiff having filed his petition, defendants entered no formal plea, depending upon the entry of the general trav *451 erse under Eule 42, which provides that “ the case shall be proceeded with the same as though an answer of general traverse had been filed.” Defendants particularly requested that it be noted that they did not set up any counterclaim or set-off but stood upon a general denial. They add that, “ The Government has not brought any affirmative suit against the claimant * * * and that the Government denies everything,” the result of this being, it is claimed, that the burden of proof is on the claimant. This made an issue between the parties which continued until the plaintiff embodied the evidence upon which he relied in requests for findings. This evidence in the progress of the case consisted of the triplicate of the original contract, of official reports of the Treasury Department and of the Isthmian Canal Commission.
Thereupon defendants demurred to the evidence set forth in plaintiff’s requests for findings of ultimate facts on the ground that the evidence relied on was not sufficient to warrant the court in rendering a judgment in plaintiff’s favor.
Defendants’ demurrer must be overruled upon four grounds: First, authorities on pleading show that a demurrer to evidence, when accepted by the adverse party and allowed by the court, puts an end to the trial of the question of fact by the jury, in courts where facts are to be found by a jury, and refers to the court the application of the law to the facts shown in the evidence. The demurrer, when properly tendered, admits the facts thus shown, but denies their sufficiency in law. (Gould’s Pleadings, sec. 54, p. 446.) So, if defendants stand upon the proposition that on the facts there is no cause of action, the court might proceed, if otherwise allowable, to consider the sufficiency of the evidence and enter judgment for or against the demand.
A demurrer to evidence is a proceeding whereby the court, whose province it is to answer all questions of law, is called upon to declare what the law is upon the facts shown in evidence; and in the nature of the thing, the question of law to arise out of the fact can not arise until the fact is ascertained. Such a demurrer is permissible only when proposed by one party, joined in by the other, and allowed by the court. *452 It must contain an express and distinct admission by the demurrant of every fact which the evidence of his adversary conduces to prove, else he can not insist that the latter join in the demurrer; and the admission, to be effective to that end, must be of the facts, and not merely the evidence from which their existence is inferable. When the matter of fact is so ascertained and shown in the demurrer, the case is deemed ripe for judgment in matters of law, and the jury may properly be discharged from giving a verdict.
But in this court there is no jury. We, as judges, are triers of the facts, and after findings are made the court applies the law.
In Slocum v. New York Life Ins. Co., recently decided by the Supreme Court, it was shown that the matter stated as to the effect of a demurrer to evidence is not new doctrine. The court explained the true office and use of a demurrer to evidence as accepted and applied as far back as the case of Fowle v. Alexandria, 11 Wheat., 320, decided in 1826.
Second, it appears from the contention of the defendants that there are other facts in existence which are contradictory to the evidence relied upon by the plaintiff.
In deciding the Slocum, case, supra, the Supreme Court also adverted to the fact that a demurrer never ought to be admitted where the party demurring refuses to admit the facts which the other side attempts to prove; and it would be as little justifiable where he offers contradictory evidence, or attempts to establish inconsistent propositions — citing Young v. Black, 7 Cranch, 568, decided 13 years before the case of Fowle v. Alexandria, supra.
Third, the rule declared for the practice in this court by the appellate jurisdiction provides that the procedure must be “ a finding by the Court of Claims of the facts in the case, established by the evidence, in the nature of a special verdict, but not the evidence establishing them; and a separate statement of the conclusions of law upon said facts on which the court founds its judgment or decree.” (Supreme Court rule relating to appeals from the Court of Claims.)
To determine the legal effect of evidence is to obtain from the jury — in courts where juries are provided for to try *453 facts — a special verdict in lieu of the general one; the jury then have an option that instead of finding the negative or affirmative of the issue, as in a general verdict, to find all the facts of the case as disclosed upon the evidence before them and to conclude that they are ignorant in point of law, on which side they ought, on the facts submitted, to find the issue; that if, upon the whole matter, the court shall be of opinion that the issue is proved for the plaintiff, they find for the plaintiff accordingly and assess the damages; but if the court are of an opposite opinion then vice versa, and this latter form of finding is called a special verdict. (Stephen on Pleading, p. 122.)
The court is unable to see how, if this demurrer were sustained, a direct conflict would not arise with the stated rule of the appellate court. If the demurrer be sustained, we must necessarily dismiss the petition. But if claimant appeals, there is no record that can properly be transmitted to the appellate tribunal, because there are no findings of fact made in compliance with the rule. The evidence itself can not go up, and there is nothing left by which the appellate court can decide whether the action of this court as triers of the fact was well or ill founded. Should we transmit the evidence itself, the rule is violated, and the appellate court would for that reason alone dismiss the appeal.
Fourth, there is a final reason why the demurrer can not be sustained. Plaintiff does not join in the demurrer (with his facts denied), and the court can not compel him to do so unless defendants make an express and distinct admission of all the facts which plaintiff’s evidence conduces to prove. Slocum?s case, ante, shows that a demurrer to evidence is in no case a matter of right. _
If the court should undertake to sustain this demurrer, we would be establishing a practice so confusing as to be wholly impracticable. If plaintiff’s evidence should be found to present a good cause of action, defendants would then claim the right to take their evidence, and the court would necessarily be constrained to permit a second hearing and in the regular way under the proper practice provided for us by the Supreme Court on a probably different state of facts from that developed by the use of the demurrer.
*454 It is also a wholly untenable proposition for the defendants to say that the court of right can make an order directing the plaintiff to proceed to take more testimony. If plaintiff thinks he has enough evidence already in the case to stand upon, it is for him to decide to rest. If defendants have evidence of their own to present it is their privilege to take it, but failing to do so plaintiff is entitled to have the issues- tried in the regular way.
After everything said it is finally to be observed that the filing of the demurrer is entirely out of order, because issue has been taken on the facts by the general denial entered under the rule, and the traverse has not yet been withdrawn. Accordingly, the demurrer is overruled with leave to the defendants to take testimony within 90 days.