Campbell, Chief Justice,
delivered the opinion of the court.
Certain questions of practice are presented in this case upon which .the court deems it proper to express some views.
*491 The plaintiff filed its petition on July 2, 1918, and no pleading having been filed by the defendant, a general traverse was entered under rule 34 on September 3, 1918.
The plaintiff’s first testimony was filed in August, 1919; and on January 28, 1920, the plaintiff noted on the notice book the fact that its testimony was closed.
No testimony has been taken by the defendant.
On August 25, 1920, the plaintiff filed a motion to print evidence, which was objected to by the defendant upon the ground, among others, that the Government was about-to file a motion to dismiss the case. This motion to print and the objections thereto having come in during vacation were sent to the law calendar to be heard on the first day that the court sat in October.
On August 30 the defendant, without having applied for leave to do so, filed a motion apparently questioning the court’s jurisdiction in the case, but the substance of which is that the facts proven by plaintiff’s evidence do not sustain the petition or cause of action. This petition, it may be added, is based upon an alleged taking of plaintiff’s property, and, according to defendant’s contention,'the evidence shows that the property was delivered to the United States under contract.
This motion to dismiss, having been filed in the clerk’s office, was placed upon the law calendar of the court. When the calendar was called in October and the court’s attention directed to the motion it was suggested from the bench that if the case were submitted upon such a motion it might conclude the defendant’s case. The motion was passed to a later day, at which time the defendant insisted that the court should hear the motion and determine from the evidence whether the plaintiff had made out a case, dismissing the petition if the court’s conclusion was adverse to plaintiff, but if the conclusion was adverse to the defendant that the latter should be allowed to proceed with the taking of testimony. An additional reason for this course was suggested in a statement relative to the allegiance of plaintiff to the United States, hereinafter mentioned.
Plainly the suggested procedure is an unusual one, not supported by the general rules of court. It is, however, in *492 sisted by the defendant that this procedure should be allowed and taken in this case, and in support of the insistence we are referred to expressions in the opinion in the Monroe Case, 35 C. Cls., 199, 206. What was done in that case was justified by the condition of the record when the motion was presented to the court, and the reference to the matter of practice must be referred to the facts giving rise to it. The statements as to what could be done “in another court” ivere used argumentatively, and manifestly could not have been intended in the broad sense now sought to be applied.
In the Monroe Gase testimony had been taken by both parties, was printed and on file. No pleading had been filed by the defendant, but some years after the petition was filed the defendant filed what was called a motion to dismiss, the first ground of which was in effect a demurrer to the petition, and the second ground of which, being the one upon Avhich the court acted, was that “the testimony in the case fully and conclusively' shows, and the same is not denied by the claimant, that said contract has never been approved by the Chief of Engineers, United States Army, in any manner whatsoever,” and that the contract itself required such approval. This pleading and a brief were filed, and a reply brief was made and the case heard within a feAV days thereafter. The claimant insisted that if the evidence taken for the claimant failed to support its petition the defendants could avail themselves of a demurrer to the eUdence.
The court’s view of the question presented, and its reasons for the action taken, are plainly shown by the second opinion in the same case, reported in 37 C. Cls., 79, wherein it is said (p. 81):
“ The defendants requested no findings of fact. The requests made by the claimants were treated by both parties as correctly setting forth the facts involved. The court accordingly adopted them without objection, treating the motion as a demurrer to the evidence, allowed it, and dismissed the petition.”
It may be added that the court had said in the first opinion, 35 C. Cls., 206:
“The claimants, as has been said, have exhausted their testimony, and the counsel for the defendants, in view of this motion, is content therewith.”
*493 What the court said in this case about the practice when all of the evidence is in, and the defendant seeks, by preliminary questions to settle the case, can not be taken as an authority for what the court should do in a case where the defendant has taken no testimony, and insists that it shall be allowed to test the plaintiff’s case, and upon an adverse ruling on such a motion shall be allowed to delay the case while it goes out to take the depositions of witnesses, or while the plaintiff is seeking by appeal to reverse the ruling.
The insistence now made to the effect that in all courts at nisi prius, under modern practice, a defendant can move that the plaintiff be nonsuited or may demur to the evidence or request a directed verdict, is not entirely accurate. In some courts some of these courses may be taken. As to the nonsuit, it is true that in some of the States the defendant in an action may move for a nonsuit, and their practice, controlled or authorized by statute, permits a compulsory as well as a voluntary nonsuit. But it is also true that at common law a nonsuit was always voluntary. Slocum v. New York Life Ins. Co., 228 U. S., 364, 393.
It is sufficient upon this point to say that the Supreme Court have said in many cases that a Federal court can not compel a plaintiff to submit to a nonsuit if he refuses to acquiesce. The rule was stated by Chief Justice Marshall in Elmore v. Grymes, 1 Pet., 469, and in De Wolf v. Rabaud, 1 Pet., 476, 496, Mr. Justice Story says:
“A nonsuit may not be ordered by the court upon the application of the defendant, and can not * * * be ordered in any case without the consent and acquiescence of the plaintiff.”
See Crane v. Lessees of Morris, 6 Pet., 609; Silbys v. Foote, 14 How., 222; Castle v. Bullard, 23 How., 172; Slocum v. Ins. Co., supra, 394, 396. As to what was said upon this subject in Coughran v. Bigelow, 164 U. S., 301, 307, and Central Transp. Co. v. Pullman Co., 139 U. S., 24, see Slocum v. New York Life Ins. Co., 228 U. S., 364, 395.
A demurrer to the evidence properly tendered, with a joinder therein by the plaintiff, is a practice allowed by the common law, and in some of the States modified by statute. *494 A comparatively late case (Slocum v. Ins. Co., supra,) discusses in the majority and dissenting opinions therein the characteristics and requisites of this form of pleading and its results.
Referring to the leading English cases dealing with demurrers to the evidence as employed at common law, the court quotes from the conclusions in Gibson v. Hunter, 2 H. Bla., 187, 205, as follows (p. 388):
“(a) A demurrer to the evidence is a proceeding whereby the court, whose province it is to answer all questions of law, is called upon to declare what the law is ‘upon the facts shown in evidence,’ and, ‘ in the nature of the thing, the question of law to arise out of the fact, can not arise until the fact is ascertained.’ (b) Such a demurrer is permissible only when proposed by one party, joined in by the other, and allowed by Jie court. It must contain an express and distinct admission by the demurrant of every fact which the evidence of his adversary conduces to prove, else he can not insist that the latter join in the demurrer; and the admission to be effective to that end must be of the facts and not merely the evidence from which their existence is inferable. (e) When the matter of fact is so ascertained and shown in fie demurrer the case is deemed ripe for judgment in matter of law, and the jury properly may be discharged from giving a verdict.”
The court says that this statement of the true office and use of a demurrer to evidence has been accepted and applied in the Supreme Court of the United States.
In the dissenting opinion Mr. Justice Hughes quotes from Johnson v. United States, 5 Mason, 425, where it is said that the demurrer should state the facts, and not merely the evidence of facts, and that it is utterly inadmissible to demur to the evidence when there is contradictory testimony to the same points or presumptions leading to opposite conclusions, so that what the facts are remains uncertain and may be urged with more or less effect to a jury.
It was evidently in recognition of this principle that the court in the Monroe Case, supra, treated the submission as upon a demurrer to the evidence. The defendant admitted the facts to be as stated in plaintiff’s requested finding of facts. The theory, then, is that the demurrant states the facts in his demurrer, and if he states all that the plain *495 tiff contends for tbe latter can be compelled to join in the demurrer, and thus is raised a legal question upon the facts presented and admitted.
As suggested by Mr. Justice Hughes in the Slocum Case. (p. 418) :
“ The practice of demurring to the evidence was cumbrous. It fell into disuse, and the practice of moving for a direction of a verdict came to take its place.”
What effect rule 4 of the Supreme Court, applicable to the Court of Claims, has in this connection it is unnecessary now to determine, but it may be said that rule 4 requires the Court of Claims to make and file “ their findings of fact and their conclusions of law therein in open court before or at the time they enter judgment in the case.”
, To what extent parties may, by demurring to the evidence, make an admission of fact which would bind the court if it ruled upon a demurrer to the evidence need not now be determined, further than to say that in such case it, must always appear that the admission of the facts is authoritatively made in accordance with the decisions of this court, to the effect that stipulations must be made by the Attorney General or his duly constituted assistant.
The right of a Federal court to direct a verdict in a proper case is, of course, unquestioned. It implies that a jury trial is being held and that the evidence adduced is not sufficient in the judgment of the judge presiding to sustain a verdict. Barrett v. Virginian Ry. Co., 250 U. S., 473. The Court of Claims has no jury and must itself make and file a finding of the facts in the case, “ established by the evidence in the nature of a special verdict but not the evidence establishing them.” (Eule 1 of the Supreme Court.) These facts are to be found from the depositions of witnesses or documentary evidence or both. The witnesses do not appear in court. Its rules prescribe the method of preparation of their cases by the respective parties and they make no provision for the suspension of the preparation of a case for trial by a defendant and its right to make a motion to test the sufficiency of plaintiff’s *496 evidence to sustain the cause of action. The delay that could be caused under a general rule allowing such a practice, the inconvenience and injury that can ensue to a plaintiff required to submit to it, and the general inconvenience that must result from it explain the absence of a rule upon that subject.
The court can not accommodate its practice to the varying provisions in statutes regulating the practice in different States. It has been liberal toward stipulations of fact by the parties, the defendant acting in that regard through its properly constituted representative, and the court desires to facilitate the disposition of cases, having regard to the rights of both parties and to the orderly disposal of litigation.
A second question for consideration grows out of the announcement by counsel for the Government, in open court, to the effect that, in his opinion, it could be shown that the plaintiff has not borne true allegiance to the Government of the United States. A necessary averment on that question is made in this case in accordance with section 159, Judicial Code. The statement of counsel was made as a reason why the defendant does not wish to be concluded by submission of the present motion, if the ruling thereon be adverse to it.
If the plaintiff’s allegations as to true allegiance to the Government are found to be untrue, its petition is required to be dismissed by section 160, and this result follows the finding without regard to the merits of the claim itself. The statute implies that the United States has not consented to be sued by a disloyal citizen.
In Anew of the statement of counsel we are of opinion that the case should not proceed without proof on this subject, and to that end opportunity will be afforded the defendant to make proof, and an order will be entered accordingly.
Graham, Judge, Hat, Judge, DoavNey, Judge, and Booth, Judge, concur.