The facts sufficiently appear from the opinion of the court,
per curiam,
as follows:
In this case the evidence for the plaintiff has been presented and the plaintiff has filed requested findings of fact, together with a brief. The defendant thereupon filed a motion to dismiss the petition on the ground that upon the facts and the law plaintiff has shown no right to recover. The parties agree that the motion is in effect a demurrer to the evidence, and have so treated it in their respective arguments.
The plaintiff, however, contends that there is no provision for a demurrer to the evidence in the rules of this court, and that such a proceeding is not recognized in the practice before it. The plaintiff therefore asks that the motion be overruled without considering the evidence and that the case be considered in the ordinary way. The issue so presented will be first considered.
The defendant argues that such a motion is proper. But unless the rule is different in Indian cases the question now arising has been decided by this court adversely to this contention.
It will be observed that defendant does not desire to have the case submitted upon the evidence which plaintiff has *560 presented, as it might do, but desires to have this evidence considered and have the case dismissed if the evidence is held insufficient; but if a prima facie case is made out it will expect to introduce evidence on its part and then proceed to final submission. An identical situation arose in Vogelstein & Co. v. United States, 55 C. Cls. 490, in which defendant presented no evidence or request for findings of fact, nor admitted the correctness of plaintiff’s evidence and requested findings, but sought to test the sufficiency of plaintiff’s evidence by a demurrer thereto. The motion was overruled, the court holding that its rules prescribe the method of preparation of a case and make no provision for the suspension of the preparation of a case for trial by a defendant and its right to make a motion to test the sufficiency of plaintiff’s evidence to sustain the cause of action. The court further held in effect that a general rule allowing such a practice would result in delay, inconvenience, and injury to the respective parties. The same rule is laid down in Smitheman v. United States, 48 C. Cls. 449, wherein a demurrer to the evidence had been filed, but the court said:
■ If the court should undertake to sustain this demurrer, we would be establishing a practice so confusing as- to be wholly impracticable. If plaintiff’s evidence should be found to present a good cause of action, defendants would then claim the right to take their evidence, and the court would necessarily be constrained to permit a second hearing and in the regular way under the proper practice provided for us by the Supreme Court on a probably different state of facts from that developed by the use of the demurrer.
Accordingly it was held that the demurrer should be overruled.
The defendant cites the case of Monroe v. United States, 35 C. Cls. 199, in support of the motion. This case is considered and distinguished in the opinion rendered in the Vogelstein case, supra, and the situation therein was found to be different, especially that in the Monroe case, supra, the facts were directly agreed upon, so that the submission of the motion carried with it a complete submission of the case.
It is argued on behalf of the defendant that a submission of the evidence at this time would save trouble and expense *561 to the litigants, especially to the defendant. In Indián' cases the testimony is usually in the form of depositions or documents and for that reason the court has not deemed it necessary to refer the evidence to a commissioner for a report upon the facts. But we find nothing in the rules which supports the contention of the defendant, and we think that to sustain defendant’s motion would introduce' a practice which, as said in the Vogelstein and Smitheman cases cited above, would in the long run be the cause of more uncertainty and delay than benefit. In many instances it would require the case to be twice submitted. It is therefore ordered that the defendant’s motion, considered as a demurrer to the evidence, be overruled without prejudice to any defense which defendant may have, and the case proceed in the regular manner.